This is a suit to set aside a tax sale of 151.90 arpents or 121.5 acres of land, more or less, situated in Evangeline Parish. The property was assessed in the year of 1931 in the name of Estate of M.D. Kavanaugh, and it was sold by the Sheriff of Evangeline Parish on November 26, 1932, for the non-payment of the taxes for 1931, H. Otto Tubre and the Haas Land Company, Ltd., becoming the tax purchasers and receiving a tax deed from the Sheriff which deed was duly recorded in the conveyance records of Evangeline Parish on December 9, 1932. The plaintiffs are eight in number and claim to own the property in indivision in the proportions set out in the original and supplemental petitions filed in the suit.
The tax sale is alleged to be null and void for the reason that no notice of delinquency was given to the owners of the property by the Sheriff prior to the sale as is required by law. Several pleas and exceptions were filed by the defendant, Haas Land Company, Ltd., but the other defendant, H. Otto Tubre, made no appearance for the reason that he sold his interest in the land (with the exception of an undivided 1/64 gas and oil royalty) to Winston J. Stokes who intervened in the suit and was made a defendant therein, and who adopted all the pleadings of the Haas Land Company, Ltd. The pleas and exceptions filed by the Land Company were referred to the merits by the court and this defendant filed an answer.
After a trial of the case, the court overruled the pleas and exceptions filed by the defendants and rendered a judgment in favor of the plaintiffs, recognizing them to be the owners of the property in the proportions set out in their original and supplemental petitions, and decreed the tax sale null and void, and ordered it cancelled and erased from the conveyance records of the parish, and also ordered the cancellation of the transfer by Tubre to Stokes of his interest in the property; further ordered that the plaintiffs repay to the Haas Land Company, Ltd., the amount it had paid for taxes on the property, plus interest on the amount paid at the rate fixed by law. The Land Company and Stokes have appealed.
The record shows that the property involved in this suit was acquired in 1908 by plaintiffs or their ancestors in title at a partition sale, and the property has been held in indivision since that date by the plaintiffs or those from whom they acquired their respective interests. The property was apparently assessed in the name of the Estate of M.D. Kavanaugh at the time Evangeline Parish was formed out of St. Landry Parish in 1910, and the assessor of Evangeline Parish continued to assess the property in the same manner. In any event, the record shows that the property was assessed from 1921 to 1931 inclusive in the name of Est. M.D. Kavanaugh, care of L.A. Stagg, Opelousas, and notices were sent to Stagg who was the husband of one of the co-owners, but who himself owned no interest in the property. The registered notice sent out by the Sheriff in April, 1932, was sent to and received by L.A. Stagg, and it is conceded that none of the co-owners received any delinquent notice prior to the sale of the property by the Sheriff in November, 1932.
The failure to give notice to the co-owners renders the sale null and void under the plain provisions of the law and numerous decisions of the courts, particularly the decision in the case of Adsit v. Park et al., 144 La. 934, 81 So. 430. In fact, this fatal defect in the tax sale is so obvious that counsel for defendants rely on two pleas filed in the lower court to save the sale from a decree of nullity; viz, a plea of estoppel and a plea of prescription of three years under Section 11 of Article 10 of the Constitution of 1921.
The plea of estoppel is based on the ground that the plaintiffs permitted the property to be assessed from year to year in the name of the estate of M.D. Kavanaugh as the real owner, and they failed to have the property assessed in their name and failed to give the assessor the names of the individual co-owners of the property, and cannot now be heard to claim that the property was not properly assessed and notice of delinquency was not properly given. *Page 363 
Plaintiffs are not attacking the sale because of any improper assessment of the property, but they are asking for its nullity because no notice of delinquency was given prior to the sale as required by Section 11 of Article 10 of the Constitution and Section 50 of Act No. 170 of 1898. The same kind of plea was urged in the case of Adsit v. Park et al., supra, and there the court made the pertinent statement that the error in the assessment was not so important, but the vital and important thing was that the owners of the property were not given any notice of delinquency prior to the sale. The plea of estoppel was properly overruled.
The plea of prescription is based on the ground that the tax sale took place on November 26, 1932, and the tax deed was recorded on December 9, 1932; that at the time the tax sale was made and the deed recorded, Section 11 of Article 10 of the Constitution fixing a prescriptive period of three years for bringing a suit to attack a tax sale was in force and effect; that, as this suit was not filed until May, 1937, the plaintiffs' right to attack the sale was prescribed.
An amendment to Section 11 of Article 10 of the Constitution, Act No. 147 of 1932, was adopted by the electors of the State at an election held on November 8, 1932, extending the time for attacking a tax deed from three years to five years from the date of recordation of the tax deed. On November 18, 1932, the Governor issued a proclamation as required by Article 21, Section 1 of the Constitution, declaring the amendment adopted.
Defendants contend that the amendment did not become effective until twenty days after the Governor's proclamation as provided for in said Article 21, Section 1 of the Constitution, that is to say, on December 9th or 10th, 1932, which was after the tax sale had taken place; that the prescriptive period of three years must be applied in this case, instead of the five year period as fixed by the amendment.
The tax purchasers acquired a tax title to the property on November 26, 1932. That title was not a perfect one, but it was subject to a right of redemption on the part of the tax debtors and subject to a right on their part to bring an action to annul the sale for a period of three years from the date of recordation of the deed. The only effect that the amendment had on the right of the tax debtors to bring a suit to annul the sale was to extend or prolong that period from three to five years. The tax purchasers had no vested right or interest in the shorter prescriptive period so as to prevent the Legislature or the electors from extending that period from three to five years. The amendment neither states nor implies that the prescriptive period is to apply only to tax sales made after its adoption.
Extending or prolonging the period in which a suit may be brought to assert a right pertains to the remedy and does not violate a vested property right, unless the right has become perfected and fixed by the completion of the prescription at the time the extension of the period becomes effective. In other words, the extension or prolongation of the period in which the suit could be brought to attack the tax sale could not affect those sales made more than three years prior to the adoption of the amendment where prescription had been completed and the title had thereby become indefeasible and not subject to attack. But in this case, the tax title under which the defendants hold was inchoate and incomplete when the amendment became effective, and the title became subject to the extended period of five years before becoming a completed and vested property right. Calvit v. Mulhollan, on rehearing, 12 Rob. 266; Shreveport Long Leaf Lumber Co., Inc., v. Wilson et al., 195 La. 814, 197 So. 566; 12 Am.Jur., Constitutional Law, p. 89, Section 445. See Brown et al. v. Tauzin et al., 185 La. 86, 168 So. 502 and Gibbs et. al. v. Roos et al., La.App., 178 So. 674, where the court said that the peremptive period of five years as provided for in the 1932 amendment of Section 11 of Article 10 of the Constitution should be applied to a tax sale made prior to the adoption of the amendment, where the suit to annul the sale was brought after the adoption of the amendment and within the five year period.
As the present suit was brought well within the five year prescriptive period from the date of the recordation of the tax deed, it follows that the plea of prescription is not well founded and was properly overruled.
For the reasons assigned herein, it is ordered that the judgment appealed from be and the same is hereby affirmed at the cost of appellant in both courts. *Page 364