Turnee, J.
 

 This appeal presents two questions:
 

 1. Do the facts stated in the third cause of action in the amended petition show a cause of action?
 

 2. Was the third cause of action brought within the time limited for the commencement of such action?
 

 Section 8623-28, General Code, provides, in part:
 

 “No creditor of a corporation shall have any claim or right of action against a shareholder as such, other than to reach and apply the debt, if any, of the shareholder to the corporation arising out of his contract of subscription or purchase.”
 

 While we shall keep in mind the trust fund doctrine, its exceptions and limitations (see 18 Corpus Juris Secundum, 1308, Section 583), as well as the proposition that in the absence of charter, constitutional or statutory provisions to the contrary, shareholders are not liable for any of the obligations of a corporation, whatever their character and in whatever manner incurred (see 13 American Jurisprudence, 544, Section 510), in view of our statutory provisions it will not be necessary to discuss them at length. See, also, 10 Ohio Jurisprudence, 483, 484, Sections 354 and 355.
 

 Counsel for appellants say in their brief:
 

 “It is to be conceded that at common law the shareholders of a corporation
 
 in the absence of fraud or illegality
 
 cannot be held directly to creditors or obligees of the corporation.”
 

 However, they do contend that a new statutory remedy in favor of the creditors and against the shareholders was created by the second paragraph of Section 8623-123c, General Code.
 

 
 *361
 
 Counsel for appellees, on the other hand, deny that .any right of action is given to a creditor by the second paragraph of Section 8623-123c. They insist that this section creates “a mere remedy in the nature of garnishment. ’ ’
 

 The second paragraph of Section 8623-123c, General Code, provides:
 

 “No action shall be brought by or on behalf of any ■ creditor to reach and apply any debt or liability arising under or pursuant to the two preceding sections until after the happening of one of the events specified in Section 8623-28 of the General Code.”
 

 The liability here in question refers to that part of ■Section 8623-1235, General Code, which provides:
 

 “Any shareholder, who shall knowingly accept or receive any dividend or distribution not authorized by this act to be made, shall be liable to the corporation in the amount accepted or received by him with interest at the rate of six per centum per annum until the same shall be repaid.”
 

 The remaining part of Section 8623-28, General Code, following the paragraph quoted
 
 supra,
 
 reads as follows :
 

 “No action shall be brought by or oji behalf of any ■creditor to reach and apply any such debt until after (a) final judgment shall have been rendered against the corporation in favor of such creditor; or (b) the corporation shall have been adjudged bankrupt; or (c) it shall have made a general assignment for the benefit of the creditors; or (d) a receiver shall have been appointed with power to collect debts due to it; or (e) it shall have been dissolved; nor more than one year after the happening of any one of such events.
 

 “If by its terms the amounts payable under a contract of subscription or purchase shall not have become due at the time of the happening of one of such events,
 
 *362
 
 action, may be brought within one year after payment becomes due.”
 

 While Section 8623-123c, General Code; is clumsily drawn, we are of the opinion that the second paragraph thereof supplements Section 8623-28,
 
 supra,
 
 by recognizing the right of a creditor to “reach and apply”' any illegal dividend or distribution made by the corporation. In other words, the second paragraph of Section 8623-123c recognizes the right of a creditor in his own right to reach and apply the shareholder’s-liability to the corporation created bj^ the above-quoted language in Section 8623-1236.
 

 Even if we were to accept appellees’ theory that the second paragraph of Section 8623-123c is “a mere-remedy in the nature of garnishment,” we cannot accept their theory that such right of action or remedy,, as they choose, is a derivative one. A.derivative action must be brought on behalf of a corporation for the-benefit of the corporation and not for the benefit of a particular creditor. But in a garnishment proceeding the creditor “reaches and applies” to his own indebtedness and not for the benefit of others. Under Section 11851, General Code, the creditor is given the right under certain conditions to proceed by civil action against the garnishee.
 

 We hold that under the statutes above discussed,, appellants have the right to maintain the action hereunder consideration in their own names and for their own benefit.
 

 Suffice it to point out .that, unlike the cause of action-in the case of
 
 Scullin
 
 v.
 
 Mutual Drug Co.,
 
 138 Ohio St., 132, 33 N. E. (2d), 992, the present cause of action is-not a derivative cause of action.
 

 We come now to the question whether so long as the-corporation, its officers and shareholders have followed the formalities prescribed by statute for the reduction of the par value capital stock and the distribution “of'
 
 *363
 
 ■any excess of assets over the amount of the stated capital as reduced” (Section 8623-40, General Code, as it read at the time in question), such action is final or whether it may be attacked by creditors as in the present case.
 

 Under Section 8623-40, General Code, such a distribution as has been made in this case was authorized
 
 provided
 
 “that no such distribution to shareholders shall be made if there is reasonable ground to believe that the corporation is unable, or, by such distribution, may be rendered unable to satisfy its obligations and liabilities.”
 

 In appellants’ third cause of action is to be found the following language:
 

 “Plaintiffs aver that when the defendant shareholders named herein, by their unanimous action, amended the corporate charter of said The Ozier Company by reducing the par value of its outstanding shares of stock from one hundred dollars ($100) per share to twenty-five dollars ($25) per share, when, by the •unanimous action of the shareholders, they caused the sale of practically all of its capital assets in the amount of thirty-eight thousand five hundred dollars ($38,500) on or about the 1st day of November, 1938, and when they and each of them approved and accepted a distribution to themselves as shareholders of the corporation of thirty-eight thousand five hundred dollars ($38,500) so realized, amounting to eight and 58/100 ■dollars ($8.58) per share upon each share of said outstanding stock, they, the defendant shareholders, and ■each of them, took such action and performed said acts -and received said moneys with the purpose and design ■of avoiding the obligations and liabilities of the defendant, The Ozier Company, under said lease and the ■supplements thereof on the 1st day of December, 1940, -and thereafter, all by reason of the fact that the defendant shareholders herein, by reducing the par
 
 *364
 
 value of said shares of stock, intended thereby to-make it appear that there was a surplus in the treasury of said- The Ozier Company when the fact was, and. each of them knew the fact to be, that there was no surplus therein. And that said defendant shareholders, did and performed all of the acts aforesaid and participated in the distribution of said thirty-eight thousand five hundred dollars ($38,500) so realized from the sale of the capital assets of said corporation when they, and each of them, had reasonable grounds to believe that the defendant, The Ozier Company, would be unable, or by such distribution might be rendered unable, to satisfy its obligations and liabilities under said lease and to pay the rentals accruing thereunder on December 1st, 1940, and thereafter.”
 

 We think that the amended petition sufficiently alleges that the shareholders
 
 knowingly
 
 accepted and received a distribution not authorized by law.
 

 For the purpose of ruling thereon, the shareholders ’ demurrers admitted the truth of these allegations. The truth of these allegations being admitted, the distribution of the assets was forbidden by Section 8623-40, General Code.
 

 It remains to dispose of the question raised by appellees under their contention that future rentals under a long-term lease were not intended to be comprehended within the terms “obligations” and “liabilities” as contained in Section 8623-40,
 
 supra.
 

 In the first paragraph of the syllabus in
 
 Gholson
 
 v.
 
 Savin,
 
 137 Ohio St., 551, 31 N. E. (2d), 858, we held:
 

 “The express contract of a lessee fixes his liability-to the lessor for the payment of rent for the whole-term; but in case of assignment of the lease by the lessee, the liability of the assignee to the lessor for rent is limited to that accruing during the continuance of the assignee’s interest * *
 

 
 *365
 
 To the same effect, see
 
 Sutliff
 
 v.
 
 Atwood,
 
 15 Ohio St., 186, 194, and 24 Ohio Jurisprudence, 822, Section 78
 
 et seq.
 

 Appellees’ reference to the fact that the Bankruptcy Act for long years denied to a landlord the right to participate in a bankrupt’s estate as to any rentals to accrue after the date of bankruptcy is followed by appellees ’ acknowledgment that under the recent revisions of the Bankruptcy Act landlords have been given the right to participate in a bankrupt’s estate to the extent of rental due for a period of one year following the date of bankruptcy. In other words, the Bankruptcy Act recognizes that future rent is “an obligation and liability, ’ ’ but limits the extent to which it may be proved.
 

 We are of the opinon that the assumed covenant to pay rent under the lease became an obligation of The Ozier Company irrespective of whether the installment of rent was due or payable in the future, and that the facts set forth in the amended petition and admitted by the demurrers justify the allegation that ‘ ‘ The Ozier Company would be unable, or by such distribution might be rendered unable, to satisfy its obligations and liabilities under said lease and to pay the rentals accruing thereunder on December 1st, 1940, and thereafter. ’ ’
 

 Summing up this feature of the case: The third cause of action contained in appellants’ amended petition does contain facts which show a cause of action and is, therefore, good against demurrer.
 

 Coming now to the second question, whether the third cause of action was brought within the time limited for the commencement of such actions:
 

 The courts below, treating the cause of action as a derivative cause, followed the case of
 
 Scullin
 
 v.
 
 Mutual
 
 
 *366
 

 Drug Co., supra.
 
 As we hold that the instant action is not a derivative cause, the
 
 Scullin case
 
 is not an authority here.
 

 The first paragraph of Section 8623-123c, General Code, provides as follows:
 

 “No action shall be brought by or on behalf of a corporation upon any cause of action arising under or pursuant to either of the two preceding sections at any time after two years from the date on which the violation occurred.”
 

 As stated in 25 Ohio Jurisprudence, 430, Section 10:
 

 “While the defense of the statute of limitations is not now viewed with disfavor, but is regarded as one of merit, it has not yet become a special favorite of the law so as to justify extending it beyond the letter and spirit of its enactment, and where it is on its face free from ambiguity, it is now the established policy of the courts to avoid giving it any other construction than that which its words demand.”
 

 The present action is not one brought by or on behalf of the corporation and, therefore, the limitation prescribed in the first paragraph of the section does not apply to actions brought under the second paragraph of that section.
 

 We have heretofore said that the second paragraph of Section 8623-123e is to be considered as supplementing Section 8623-28. Whether the time limitation prescribed in the latter section applies to this cause of action need not be considered here, as the amended petition clearly shows that it was brought within one year after final judgment had been rendered against the corporation in favor of appellants.
 

 We hold that the third cause of action contained in the amended petition was brought within the time limited for the commencement of such an action.
 

 
 *367
 
 We see nothing anomalous in permitting creditors to “reach and apply” to their own-claims the liabilities of shareholders which the corporation has neglected to pursue. Logically, the right of the creditor to pursue should extend beyond the time limited for the corporation or someone on its behalf in a derivative suit to make recovery. However, if the situation does produce an anomaly, the remedy is with the Legislature rather than with the courts.
 

 Counsel for appellees have stated in their brief:
 

 “The purpose of the enactment of the second paragraph of 123c was to create a method whereby a creditor of a corporation could get his claim paid by seizing a debt owed to the corporation.”
 

 We submit that that is the substance of our holding here. Whether the process be called the creating of a right as claimed by appellants or the prescribing of a remedy as claimed by appellees is immaterial.
 

 It, therefore, follows that the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas should be, and hereby is, reversed and the cause remanded.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.