**R. H. SNYDER, Plaintiff,**

v.

**Harvey O. YODER et al., Defendants.**

**Civ. A. No. 33532.**

United States District Court
N. D. Ohio, E. D.

Sept. 10, 1959.

Theodore M. Mann, John L. Naylor, Jr., Cleveland, Ohio, for plaintiff.

Ben C. Boer, Cleveland, Ohio, for defendant Yoder.

Norman B. Miller, Cleveland, Ohio, for defendant Schutz.

WEICK, District Judge.

Plaintiff, R. H. Snyder, is a resident of Pennsylvania. During the late 1940's and 1950 he was employed as a salesman for Power Plants, Inc., an Ohio corporation, with its principal office and place of business in Cleveland, Ohio.

Defendants, Harvey O. Yoder and Otto W. Schutz, were both shareholders in and directors of Power Plants, Inc. at the time in question, and are both residents of Ohio.

A dispute arose between Snyder and his employer over commissions due Snyder, which culminated in his filing of Civil Action No. 28297 in this Court against Power Plants, Inc. on June 22, 1951.

That action came on for hearing before the late Judge Freed on June 3, 1954. After hearing it was referred to a master for a determination of damages, and the final order awarding plaintiff judgment for $8,000 plus interest and costs was entered on July 7, 1955. Power Plants, Inc.'s appeal from that judgment was dismissed on October 31, 1955.

While Civil Action No. 28297 was being pursued by plaintiff, Power Plants, Inc. entered into certain transactions vitally related to the instant controversy.

During 1951 and early 1952 the directors and officers of Power Plants, Inc. were concerned with a plan to relocate the company. On November 5, 1951 a special meeting of the Board of Directors was held, at which time a resolution was adopted that Power Plants, Inc. take such steps as would be necessary to move its business and manufacturing operations to Cadiz, Ohio, provided that the citizens of that community met certain conditions, including the subscription to $100,000 of stock in the company. Both defendants were present at that meeting.

The directors' resolutions were carried out, and thereafter a special meeting of shareholders was called on March 31, 1952, at which both defendants were present.

At that meeting the following two resolutions were passed, 886 shares voting for and 64 against:

"Be It Further Resolved, that John Gros, William Hersh, and James C. Rash proceed as incorporators to organize a new corporation to be known as 'Electric Power Plant

Corporation' with its principal office in Cadiz, Ohio, and that Otto W. Schutz, Secretary and counsel, is authorized to prepare all necessary papers and expend all necessary funds to properly conclude this organization, and the organizers likewise are empowered and authorized to do all acts necessary to accomplish the organization.

"Be It Further Resolved, that all real and personal property, tangible and intangible, of Power Plants, Inc. be transferred to Electric Power Plants Corporation upon the assumption of all the liabilities and debts of Power Plants, Inc., and in consideration for the issuance by Electric Power Plants Corporation of 1826 ¼ of its common stock and 1826 ¼ $100 note, said shares to be issued to the respective shareholders of Power Plants, Inc., one share and note for each no par value share of Power Plants, Inc. held by the shareholders."

Following this meeting, the directors (who were all shareholders), with the exception of one who had voted against the proposal, met informally and discussed the details of accomplishing the transfer.

On June 2, 1952 Electric Power Plants Corporation was incorporated. On July 12, 1952 the organization meeting of Electric Power Plants was held, and a board of directors was elected. Five of the seven directors of Power Plants, Inc. were elected to the six-man board of Electric Power Plants, including the two defendants.

In August of 1952 papers filed with the Division of Securities of Ohio disclosed a shareholders' equity in Power Plants, Inc. of $178,000 and that the citizens of Cadiz, Ohio were to put in a further $100,000 investment.

During November of 1952 the assets of Power Plants, Inc. were transferred to Electric Power Plants Corp., except for certain real estate in Cleveland, Ohio.

The deed conveying this property to Electric Power Plants was executed in June 1952, but not recorded until April 1953.

Defendant Yoder testified that at the time of the transfer he was told by John Gros that the Cleveland property was being retained to satisfy the claims of any creditors of Power Plants, Inc. However, in February of 1955, when Electric Power Plants Corp. sold the property, the full purchase price was deposited in Electric Power Plants' treasury.

Thus, by the time final judgment was entered in favor of plaintiff against Power Plants, Inc. in Civil Action No. 28297 said corporation was a hollow shell, devoid of any assets. It has never been formally dissolved.

On February 24, 1958 plaintiff filed a motion in Civil Action No. 28297 to add Electric Power Plants Corp. as a party defendant to the judgment. This motion was resisted by Electric Power Plants, but was granted by Judge Connell on July 11, 1958 who treated both corporations as a single entity.

Plaintiff has been unable to satisfy his judgment against Electric Power Plants, since that time, because of its apparently poor financial condition. He seeks in the present action to hold the defendants liable as directors of Power Plants, Inc. on the theory that the distribution of stock and notes to the shareholders was not authorized by the statutes of Ohio.

Plaintiff's claim against these two defendants is stated as follows:

"The actions of defendants Yoder and Schutz and the other participating directors of Power Plants, Inc. have precluded plaintiff's recovery on his judgment. Had it not been for the transfers and distribution they devised, approved and participated in during 1952, there would have been ample property in Power Plants, Inc. with which to satisfy plaintiff's adjudicated claim."

The question of the defendants' liability in this action rests upon the inter-

pretation of certain sections of the Ohio General Code.[1]

The primary section upon which plaintiff relies is General Code § 8623–123b. By that section directors are prohibited from distributing assets except as provided generally in Section 8623. A wilful or negligent violation of said prohibition on the part of directors makes them "jointly and severally liable to the corporation for the full amount of any such unauthorized * * * distribution."

■ The first matter for consideration is whether, under the statute, corporate creditors have any direct right of action against the directors for an unauthorized distribution. By the express terms of Section 8623–123b the directors' liability runs only to the corporation itself.

However, General Code § 8623–123c provides a foundation for such an action. It states, in part:

"No action shall be brought by or on behalf of any creditor to reach and apply any debt or liability arising under or pursuant to the two preceding sections until after the happenings of one of the events specified in section 8623–28 of the General Code."

Absent this paragraph of § 123c, it is very doubtful whether, under the General Code, creditors would have any right of action against directors of a solvent corporation for an unauthorized distribution of assets. For without this single mention of creditor's rights, the Code would only establish a liability from the directors to the corporation.

In fact, the view is expressed that it is not clear that under General Code §§ 8623–123b and 123c any direct liability of directors to creditors existed, 12 O. Jur. 2d, Corporations § 614, but rather that § 123c related to the right of credi-

tors to pursue shareholders who had received an unauthorized distribution, which right was also provided for in § 123b. In this regard it is worth noting that not one Ohio case has been cited wherein directors of a solvent corporation were held directly liable to creditors for an unauthorized distribution of assets, and that under the present Ohio Corporation Law, Ohio Rev.Code § .1701.95, the opinion of the Ohio authorities is that no such direct liability exists, 12 O. Jur. 2d, Corporations § 614.

It is my view, however, that under the statutes in force at the time a right of action existed in behalf of creditors directly against directors. General Code 8623–123b creates a liability running from directors to the corporation. Section 8623–123c impliedly gives creditors the right to reach this liability, when it expresses the limitation on the right of creditors to reach and apply *any* liability created under § 123b.

■ The next matter for consideration is whether the distribution was in fact violative of the provisions of § 8623 generally.

Under the terms of General Code § 8623–65, controlling on the sales of entire assets of a corporation, the corporation had no right to make a direct distribution of the proceeds of the sale to shareholders. This right was taken away by an amendment of said section in September, 1949.

Nowhere in the entire Section 8623 is there found a provision authorizing a distribution such as was made here.

The closest analogous section is § 8623–40. That section, however, controls distributions of excess assets resulting from a reduction of stated capital, which was not the case here. Even under that provision though, any distribution which would have the effect of reducing the stated capital below $500 and/or render-

---

1. The Ohio General Code was superseded in 1953 by the Ohio Revised Code, which was substantially a re-enactment of the old General Code provisions. In October 1955 the new Ohio Corporation Law was enacted, carrying with it substantial changes. However, the duties of the directors and rights of creditors are, for the purposes of this action, governed by the statutes in effect at the time of the questioned transactions. Ohio Rev.Code § 1.20.

ing the corporation unable to satisfy its obligations and liabilities is forbidden. Therefore, this distribution would have been violative of § 8623–40, if it applied.

The distribution not having been made as provided in General Code § 8623 generally, must be considered as unauthorized.

 The next defense raised is that the action was not taken by defendants in their official capacity as directors, and they are therefore not liable under § 8623–40, which prohibits *directors* from distributing assets.

The resolution authorizing the distribution was adopted at a shareholders meeting, without any formal action having been taken thereon by the board of directors, and the plan of the resolution was carried out in informal meetings of the directors.

Plaintiff relies upon the cases of Kimball v. Kimball Bros., 1944, 143 Ohio St. 500, 56 N.E.2d 60, and Johndahl v. Columbus Trotting Ass'n, 1956, 104 Ohio App. 118, 147 N.E.2d 101, for the proposition that informal action taken by the board of directors of a corporation is binding upon them. Defendants contend, however, that these cases are not in point.

The holdings are to the effect that where the board of directors acts informally or fails to act at all, and the corporation acquiesces in the actions taken by executive officers, properly attributable to the board of directors, the corporation is estopped to deny the validity of such actions. That situation is not presented here. There is no question of the corporation denying the validity of the transaction, but rather whether a penal provision shall be enforced against the directors for a transfer which was authorized by the shareholders, and not by the board of directors in a formal meeting.

While the cases are not on all fours, I feel that the principle is applicable. If the corporation is estopped to deny that the acts of the directors, although conducted informally, were the official acts of the corporation, how then can the directors deny that they were acting in their official capacity. To hold that in a situation such as this directors may evade their liability simply by failing to designate their gathering as an official meeting of the board and by failing to have minutes taken would be to open the avenue to possible future frauds. Where it is the directors that conceive, promote, and achieve a plan, although never formally acting on it in their official capacity, but rather approving it as shareholders, they should be held accountable as directors to those damaged thereby.

 The next question is whether defendants were guilty of a wilful or negligent violation of Section 8623–123b.

It must be borne in mind that the transfer of assets which was damaging to plaintiff was the distribution to the shareholders. If the only transfer that had been made was the sale of the assets to Electric Power Plants, plaintiff would not have been damaged. Power Plants, Inc. would still have had assets of its own, namely, stock and notes of Electric Power Plants. It was only when these assets were distributed to the shareholders of Power Plants, Inc., leaving that company as a hollow shell, that plaintiff suffered any damage. Therefore, the question is whether defendants were guilty of a violation of the statute in allowing this distribution of assets to the shareholders.

Assuming for the moment that the use of the term wilful signifies an intent to violate the statute, were the defendants negligent in allowing the distribution? The answer is yes. The General Code states (§ 8623–123b) that a director shall not be held to have acted negligently if he, in good faith, acted upon the books of the corporation, or upon a balance sheet and profit and loss statement and a statement of the assets available for a distribution represented to him by certain individuals, or if he in good faith considered the assets of the corporation at their book values, or if he in any case followed what he believed to be sound accounting and business practices. These defendants did none of those.

Defendant Yoder attempts to put the blame on defendant Schutz, stating that as Schutz was corporate counsel, and failed to speak out against the transfer, he assumed the transaction to be in order.

Defendant Schutz attempts to justify his action on the basis that Electric Power Plants had agreed to assume the debts and liabilities of Power Plants, Inc. This has no bearing on the question of whether or not he was negligent in allowing all the assets of Power Plants, Inc. to be distributed to its shareholders in contravention of the statute. In order to justify his failure to object to this distribution he must show that, in accordance with the statute, he investigated the financial structure of Power Plants, Inc. and determined that the distribution to stockholders was in accordance with law. Therefore, both defendants were guilty of negligence in approving the distribution of assets to the shareholders of Power Plants, Inc.

■ This brings us to the important question of the applicable period of limitations of actions by creditors against directors.

Section 123c, previously set forth, has two paragraphs. The first paragraph controls actions by a corporation brought under § 123b. A two-year period of limitations is expressly set for such actions.

The second paragraph establishes the period of limitations on actions by creditors. No definite time is stated in said paragraph. However, the paragraph states that "no action shall be brought * * * until after the happenings of one of the events specified in section 8623–28 of the General Code."

Section 8623–28 relates to the rights of creditors to reach and apply the debt of shareholders to a corporation. The second paragraph of said section reads:

"No action shall be brought by or on behalf of any creditor to reach and apply any such debt until after (a) final judgment shall have been rendered against the corporation in favor of such creditor * * * nor more than one year after the happening of any one of such events."

At first blush, the reading of this paragraph, with its one-year limitation, into Section 123c appears improper, in that the second paragraph of Section 28 is directly tied into its first paragraph. The first paragraph establishes a definite liability and the second paragraph is a direct limitation on the first paragraph, referring to "any such debt", namely, the debt created by the first paragraph.

The Supreme Court of Ohio, however, has stated that Sections 8623–123c and 8623–28 are supplementary to each other and are to be read together. Chisnell v. Ozier, 1942, 140 Ohio St. 355, 362, 44 N.E.2d 464.

Bearing this in mind, a reappraisal of the reading into § 123c the limitation of § 28 convinces me that they are properly read together as imposing a one-year limitation on actions by creditors against directors. The second paragraph of § 123c relates to the same subject matter as does § 28—suits by creditors to reach liabilities due a corporation. In one case it is against shareholders, in the other against directors. It is entirely reasonable that the period of limitations be the same for both types of creditors' actions.

If any inconsistency exists, it would be the fact that § 123c would contain a two-year limitation on actions by or on behalf of the corporation and a one-year limitation on suits by creditors. The Ohio Supreme Court answered this in saying:

"Logically, the right of the creditor to pursue should extend beyond the time limited for the corporation or someone on its behalf in a derivative suit to make recovery. However, if the situation does produce an anomally, the remedy is with the Legislature rather than with the courts." Chisnell v. Ozier, supra, 140 Ohio St. at page 367, 44 N.E.2d at page 470.

While there are no cases directly in point, the Ohio authorities are in accord with the view that a one-year limitation existed on suits by creditors under General Code § 8623–123b. In original Ohio Jurisprudence the definite statement is made that the one-year limitation applied to actions by creditors against di·

rectors. 10 O. Jur., Corporations, § 600. In Ohio Jurisprudence 2d this position has been modified to the extent that it is now stated that, while the question has never been settled in Ohio, "in a proper case the court would have been required to hold that the one year statute of limitations was applicable." 12 O. Jur. 2d, Corporations, § 543.

Under the authorities, and in accord with my own views, the following is the proper limitations rule for actions by creditors against directors, obtained by a reading of General Code §§ 8623–123c and 8623–28 together:

"No action shall be brought by or on behalf of any creditor to reach and apply any debt or liability arising under or pursuant to the two preceding sections [8623–123a or 123b] until after final judgment shall have been rendered against the corporation in favor of such creditor * * * nor more than one year after the happening of any one of such events."

Plaintiff takes the position, though, that even if the one-year limitation is to be read into the General Code (and the Revised Code re-enactment thereof) it was wiped out in October of 1955 when the new Ohio Corporation Law became effective.

Plaintiff contends that the applicable period of limitations is now six years, O.R.C. § 2305.07, and that he is entitled to the benefit of that period. 34 O. Jur. 2d, Limitation of Actions, § 8.

With this proposition I cannot agree. While it is the opinion of the Ohio authorities that under the present Code no right of action exists on the part of creditors directly against directors for an unauthorized distribution of assets, if there is any such right it devolves through the operation of O.R.C. § 1701.-95.

In that regard, subsection (E) of section 1701.95 states:

"No action shall be brought by or on behalf of a corporation upon any cause of action arising under paragraph (1) or (2) of division (A) of this section at any time after two years from the day on which the violation occurs; provided that no such action shall be barred by this division (E) prior to January 1, 1956."

It is my opinion that this specific provision would control on the matter of director's liability to creditors, rather than the catch-all provision of O.R.C. § 2305.07 urged by plaintiff.

There is a further reason why Section 2305.07 would not apply here. Said Code provision states that it is to apply to a liability created by statute other than a forfeiture or penalty. It is the expressed opinion of the Ohio authorities that the statutes imposing liability upon corporate directors arising out of official acts are penal in nature. 12 O. Jur. 2d, Corporations, § 540.

█ Furthermore, it is my opinion that the one-year statute of limitations controls in this action, notwithstanding the change in the statute effected in 1955. While as a general rule it is true that a period of limitations may be extended by an amendment of the statute of limitations, prior to the expiration of the previously controlling period, 34 O. Jur. 2d, Limitation of Actions, § 8, the situation is different where the statute creating the right also prescribes the limitation period. In that event, it is held that compliance with the time limitation is a condition to the bringing of the action, and not just a limitation thereon, and that the limitation called for in the original statute bars the action, notwithstanding any amendment of the statute thereafter. 34 O. Jur. 2d, Limitation of Actions § 19; O.R.C. § 1.20.

In any event, no matter which of the statutes is deemed controlling, this action is barred by the lapse of time, not having been instituted until March 28, 1957. If the one-year statute applies, the right of action expired July 7, 1956. If the provisions of § 1701.95 control, the action was barred on January 1, 1956.

It is my conclusion that under General Code § 8623–123c plaintiff had a right of

action against the directors of Power Plants, Inc. for an unauthorized distribution of assets; that the distribution to the shareholders of Power Plants, Inc. of the stock and notes received as the proceeds of the transfer of assets from Power Plants, Inc. to Electric Power Plants Corp. was violative of General Code § 8623; that defendants are liable as directors for such distribution, notwithstanding the fact that their only official actions were taken as shareholders and that the meetings of the members of the board were deemed "informal"; that defendants were negligent in allowing the distribution of assets to the shareholders of Power Plants, Inc.; that plaintiff's action against the directors is barred by the statute of limitations.

This memorandum is adopted as findings of fact and conclusions of law.

Judgment may be entered for defendants dismissing the complaint.