**William W. WISBEY, Plaintiff,**

v.

**AMERICAN COMMUNITY STORES CORPORATION, a Corporation, Defendant.**

**Civ. No. 1210L.**

United States District Court
D. Nebraska.
Aug. 30, 1968.

Robert T. Grimit, Lincoln, Neb., for plaintiff.

Joseph R. Moore, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

VAN PELT, District Judge.

This case involves an alleged violation of the Fair Labor Standards Act, and in particular, Section 216(b) of 29 U.S. C.A. dealing with unpaid overtime compensation and providing for liquidated damages therein. Plaintiff's complaint was filed March 28, 1967. In the original complaint, plaintiff claimed that wages for overtime work were due to him from the period beginning on March 29, 1965, and ending with (March 28, 1967) the present. An amount of liquidated damages equaling the amount of wages allegedly due the plaintiff were also asked for in the complaint.

Until 1967, the statute of limitations for the Fair Labor Standards Act read as follows:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended * * *

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued * * *." 29 U.S.C.A. § 255(a)

A 1966 amendment to subsection (a) of § 255, which became effective on February 1, 1967, added to subsection (a) the following words: "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." This additional clause comes immediately after the word "accrued" which had previously ended subsection (a). The addition is the only change in subsection (a). As is readily apparent, prior to the time the 1966 Amendment became effective, the Fair Labor Standards Act

did not categorize violations into willful and non-willful. The statutory time within which to commence a cause of action was two years after the cause had accrued, and this was without regard to the conduct of the alleged violator.

On March 6, 1968, the plaintiff filed a motion for leave to amend the complaint (filing No. 22). The purpose of the motion was to collect for overtime compensation and liquidated damages from March 29, 1964 to March 28, 1965, alleging that the violation during this period of time at least, was a willful violation and therefore under the three year statute of limitations that became effective on February 1 of 1967.

At the time that the 1966 Amendment became effective on February 1, 1967, the prior statute of limitations, of two years duration, had already run on the plaintiff's claim for wages and damages between the time of March 29, 1964 and January 31, 1965. Thus, in the words of the statutory provision before the amendment, the claim for this period of time would have been "forever barred" because the action had not been "commenced within two years after the cause of action accrued." In addition to this time period is the time between February 1, 1965 and March 28, 1965. When the 1966 Amendment became effective on February 1 of 1967 the cause of action in existence for the time between February 1, 1965 and March 28, 1965, had not been barred by the prior statute of limitations. Thus, the 1966 Amendment extended the time limitation before the statute had run on the cause of action for the last mentioned period of time.

In addition, defendant also suggests that under Rule 15(c) the plaintiff's amendment should not be related back to the filing of the original complaint. If defendant is correct in his contention that the plaintiff's motion to amend is not within the purview of Fed.R. of Civ.P. 15(c) and is not to be related back to the time of the filing of the original complaint, then plaintiff has not commenced his cause of action in regard to the willful violation until March 6, 1968. If this be the case, then even with the three year statute of limitations now in effect, the only period of time that would be covered by the new action, if it is such, that is not covered under the original complaint, which did not allege a willful violation, would be the period of time between March 6, 1965 and March 28, 1965.

Thus, three questions are before the court for resolution before it can be determined whether and how much of the motion is to be granted or denied. They are:

a) Whether the motion is of such a nature that it can, under Fed.R.Civ.P. 15 (c) be related back to the time of the original complaint?

b) Whether an amendment to the statute of limitations contained in the Fair Labor Standards Act, 29 U.S.C.A. § 255 (a) is to be applied retroactively at all?

c) If the amended § 255(a) is to be applied retroactively then whether it can be applied so as to revive a claim that had already been barred under the prior statute of limitations contained in the Fair Labor Standards Act?

I.

■ 15(c) of the Fed.R.Civ.P., 28 U.S.C.A. provides in applicable part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The test of relation back is, therefore, whether the claim "arose out of the conduct, occurrence or transaction set forth, or attempted to be set forth in the original pleading." Kimbro v. United States Rubber Co., 22 F.R.D. 309 (D. of Conn. 1958). Pleadings, under the Federal Rules, serve a notice-giving function, and the cases are legion that hold Rule 15(c) is to be used in a liberal fashion. Defendant, in his brief, at page 7, concedes

that 15(c) is to be given a liberal interpretation. Yet, defendant asserts that the plaintiff's motion to amend is not an amendment at all, but rather the statement of a new cause of action based on "a provision of law which did not exist at the time of the alleged violation." (Page 8 of def. brief)

Defendant cites United States ex rel. Flynn's Camden Electric Supply Co. v. Home Indemnity Ins. Co., 246 F.Supp. 27 (E.D.Pa.1965) as authority for his position. The case involved a suit under the Miller Act against the surety of a payment bond for unpaid for materials. The materialman had given materials to one Hytron, who was performing the work for the government. Unknown to the materialman, Hytron was using the materials on five different government projects. The Miller Act has a statute of limitations which provides that the materialman must bring suit for unpaid for materials against the surety within one year from the time the last material was supplied by the materialman. Failure to bring suit within that time releases the surety. The material used on several of the projects that Hytron had been working on had been furnished to him more than a year before the materialman brought suit. Consequently, he sought to amend his complaint so as to include projects for which material had been received more recently and thus keep his suit open against the surety. The court refused to allow 15(c) Fed.R.Civ.P. to be used in this fashion. The court, relying on the Miller Act, stated that a cause of action is created on each individual payment bond for an express period of time and that the commencement of an action within the time limitation is a condition precedent to an action by a materialman under the Miller Act.

 Home Indemnity Ins. Co., supra, is readily distinguishable from the present case, however, for in that case several of the claims had been cut off entirely by the statute of limitations, and the plaintiff sought to use those that had not been cut off to salvage those that had. The court felt that this would work an undue prejudice to the opposing party by allowing him to amend, for the defendant could plead the statute of limitations if the claims that were barred were the only ones that were plead. Such is not the case in the present situation, for to say that the defendant can plead the statute of limitations to the periods of time in dispute would be to beg the question. For those periods of time that are determined to be barred by the statute of limitation then the rationale of Home Indemnity Ins. Co. is applicable. In other words, in Home Indemnity Ins. Co., the statute of limitations had already run on the plaintiff at the time that he originally filed his complaint. He then sought to use an amended complaint to tie still viable claims to those on which the statute had run. In the present case, the statute of limitations had not run on any of the claimed wages in the original complaint. Later the plaintiff became aware of an amendment that made it possible for him to allege violations, willful in nature, for a longer period of time. There was no difference in the facts plead, but only that the plaintiff claimed a willful violation for a period of time antedating two years from which the original complaint had been commenced. It would have been folly for plaintiff to have complained of a willful violation when there was no statutory provision for one and when it is obviously more difficult to show a willful violation as opposed to any type of violation, willful or not. It would thus appear that the "claim * * * arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading. * * *" That the conduct need be willful under one statutory provision and need not be willful under another statutory provision, does not necessarily change the conduct itself, for it may have all been willful, despite the fact that there need be no showing of intent under the applicable statutes. There is nothing to indicate that the conduct, if any, that will show a willful violation is in any way different than the conduct, if any, that will show a non-willful viola-

tion, be it inadvertent or otherwise. See, Kansas Gas & Electric Co. v. Evans, 100 F.2d 549, 552 (10 Cir. 1938). "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings." Sikes Co. v. Swift & Co., 10 F.R. D. 68 (W.D.N.Y.1949); Bowles v. Tank-ar Gas, 5 F.R.D. 230 (D.Minn.1946); Barron and Holtzoff, Federal Practice and Procedure, § 448, pp. 761–67. Consequently, this court is of the opinion that the motion to amend fits under 15(c) of the Fed.R.Civ.P. and does satisfy the requirements of relating back.

## II.

The next question, whether or not the new statute of limitations, the 1966 amendment to § 255(a) applies to causes of action that were in existence at the time the amendment became effective on February 1, 1967, and if so, whether the new period of limitations can be used to revive claims that were barred under the old limitation, has been litigated frequently in the past and with varying results. Statutes that have placed a time limitation upon the person who desires to bring suit against another party can be divided into two different categories; statutes that affect the right to bring the action, and statutes that affect the remedy which is sought by the bringing of the action. At first glance, the distinction between the two different types of statutes appears to be without a good deal of substance, for one may roam the world forever with a "right", yet if he has no "remedy" for the right he carries, then it will make little difference to him whether it has been his "right" which has been destroyed by his failure to bring suit within a specific period of time or whether it was his "remedy" that has become non-existent. There apparently is, however, some distinction between the differing statutes. In Bell v. Wabash Ry. Co. 58 F.2d 569 (8 Cir. 1932) a case arose under the Federal Employers Liability Act. Bell died on September 15, 1927.

The injury which resulted in death occurred July 24, 1927. The action was commenced December 16, 1929, with the action accruing at the time of death. The F.E.L.A. had a two year statute of limitations. The court, in speaking of the type of limitation which was contained in the F.E.L.A., stated at page 571 that the limitation as to time in which the action could be maintained clearly conditioned liability and entered into the right created as a substantial part thereof. The court said that it was not a mere statute of limitations pertaining to the remedy, and it continued to say that if the action was not brought within the time provided then the right to proceed under the act was ended.

The court in *Bell* states that there could be no waiver of this time provision as there might be with a statute of limitations; nor could the time be extended by fraud practiced or concealment such as might effect an extension of an ordinary statute of limitations under certain circumstances. Thus, the court in *Bell* used the preceding examples to distinguish the two different types of time limitations. The one that attacks the right is a condition of liability itself. See Eberhart v. United States for Use of First National Bank of Belle Fourche, S.D. (8 Cir.) 204 F. 884, 890, 891 (1913) wherein Judge Sanborn said:

"Such an act is not a statute of limitations, and compliance with the conditions which it prescribes is indispensable to the enforcement of the liability it authorizes or creates * * because such limitations are conditions of liability itself and not limitations of the remedy only."

Consequently, if the action is not commenced within the prescribed time, then the liability of the party, if any, is removed by the failure to bring suit within the time conditioning the liability. Accord, United States ex rel. Flynn's Camden Electric Supply Co. v. Home Indemnity Ins. Co., 246 F.Supp. 27 (E.D.Pa. 1965), a Miller Act case, where the court quoted from United States for Use and Benefit of General Electric Co. v. South-

ern Construction Co., 236 F.Supp. 742, 744 (W.D.La.1964), saying:

"The time limit provided in this section for the institution of suit is a limitation on the liability itself, and not on the remedy alone."

To the same effect, and nearly identical with Bell v. Wabash Ry. Co. supra, is Callahan v. Chesapeake and Ohio Ry. Co., 40 F.Supp. 353 (E.D.Ky.1941). Additional cases may be found in an annotation contained in 79 A.L.R.2d 1080.

On the other hand, in Gahling v. Colabee S.S. Co., 37 F.Supp. 759 (E.D.Pa. 1941), the plaintiff, a seaman, filed a complaint on August 5, 1940 under the Jones Act. He originally alleged that he was employed by defendants from on or about May 18, 1939. Later he sought leave to amend to include an allegation of employment which began on October 7, 1938. The defendant contended that the leave to amend should be refused because at the time of filing the motion more than two years had passed since the earlier period of employment.

The statute of limitations, which had been two years from the day the cause of action accrued, was amended on August 11, 1939, and extended to three years. The cause of action, as the amended complaint stated it, accrued October 7, 1938, less than two years prior to the amendment of the statute of August 11, 1939, and less than three years prior to the date of the motion to amend the complaint. At the time that the cause of action accrued, the period of limitation was two years. This period expired before the motion to amend was filed. The court allowed the motion to amend because of the fact that before the two year period of limitations in effect at the time of the accrual of the cause of action had expired the statute of limitations was extended to three years, and this was the holding despite the fact that the two year statute in effect at the time of accrual of the cause of action had run before the action was filed. Accord, Chisholm v. Cherokee-

Seminole Steamship Corp., 36 F.Supp. 967 (S.D.N.Y.1940).

The court in *Gahling,* supra, stated that whether or not a statute operates on actions already accrued, as well as those accruing after its enactment, depends on the language of the statute and the apparent intent of the legislature. The court cited authority for the proposition that all statutes are considered prospective, unless the language is expressly to the contrary, or there is a necessary implication to that effect. But the court, citing much of the same authority, then stated that it has often been held that the fact that the Congress made no exception with respect to existing rights raised a strong presumption that it intended to make none. The court then concluded with the following:

"The amendatory statute did not create a new right nor revive a right that had been extinguished. The plaintiff had a right of action he could exercise any time before October 7, 1940. Before this right was extinguished Congress extended the time within which the plaintiff could exercise his existing right. This affects merely his remedy and not his right. 37 F.Supp. at page 760.

To the same effect is Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, transferred from Mo.App., 168 S.W.2d 462 (1943). The plaintiff was employed by respondent candy company and was within the Compensation Act. She was injured on April 26, 1941. At that time the statute required claims to be filed with the Compensation Commission within six months from the date of injury. Thus she had until October 26, 1941 to file her claim. However, on October 10, 1941, the statutory amendment to the limitation became effective extending the time for filing claims from six months to one year. Appellant filed her claim on December 26, 1941, which was within a year, but after six months from the date of injury.

The court held that the claim had been timely filed, stating that a statute which

affects only the remedy may properly apply to a cause of action which has already accrued and. is in existence at the time the statute is enacted. Ordinary statutes of limitation, the court said, affect the remedy only, and continued by stating that the principle is well settled that the period of limitations prescribed by such statutes may be enlarged and become applicable to existing causes of action, but an enlargement of the period of limitations may not revive a cause of action which has been barred under the limitation as it previously existed. The intent of the legislature should be the guide and the court should exercise restraint in declaring a construction that the very right itself is extinguished by the lapse of time unless such is the plain statutory intent. The court then stated:

> "The rule that the limitation extinguishes the right of action where a right unknown to the common law is created by statute and by the same statute the time for the enforcement of the right is fixed, without more, has not heretofore, so far as we can find, been widely followed in this State." at page 856.

Contra, Snyder v. Yoder, 176 F.Supp. 617 (N.D.Ohio 1959). The court in *Wentz* then gave what it believed to be the historical reasons for the development of the ruling contrary to their holding and determined that the historical reasons, that is, that " * * * general limitation laws did not apply to a specialty, that is a right of action given by statute which was not known to the common law" [citation omitted] and decided that the reasons were no longer valid ones today, because general limitation laws now expressly cover statutory rights.

■ The above discussion would appear to be a fair statement as to the law in various jurisdictions regarding the differing types of limitations. One thing may be said with complete assurance, and that is that the third question presented to the court regarding revival of claims barred under a prior limitation period and the possibility of their being given new breath by a later amendment to the time limitation period, must be answered in the negative regardless of how one categorizes the statute limiting the time. A cause of action, once barred by a statute of limitation, can not be resurrected by a later amendment to the statute which extends the time within which one is able to commence suit to a sufficient degree so as to include the barred claim if the amendment were to be applied retroactively. See Gahling v. Colabee S.S. Co., supra; Wilson v. New Mexico Lumber and Timber Co., 42 N.M. 438, 81 P.2d 61, 63 (1938) quoting from Bretthauer v. Jacobson, 79 N.J.L. 223, 75 A. 560, 561; Snyder v. Yoder, 176 F.Supp. 617 (N.D.Ohio 1959); Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447 (1922); Splane v. Tubre, 6 So.2d 361 (La.App.1942), rehearing denied, 6 So.2d 698; Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, transferred from Mo. App., 168 S.W.2d 462 (1943); Link v. Receivers of Seaboard Air Line Ry. Co., 73 F.2d 149 (4 Cir. 1934). It is apparent that the plaintiff's claim for wages and, consequently liquidated damages, for the period of time between March 29, 1964 and January 31, 1965, contained in the motion to amend had already been barred by the previous statute of limitations at the time the amendment extending the period for willful violations from two to three years became effective. Since this period of time, with the causes of action arising during this time, were barred at the time, the extension became effective, they are barred now.

This court has already held that Rule 15(c) of the Fed.R.Civ.P. is applicable in this case, and the amendment does relate back to the time of the original complaint. Thus, if 29 U.S.C.A. § 255(a) as amended in 1966, and as it became effective in 1967, is the type of statute of limitations that defeats merely the remedy and not the right, and can thus be applied to those causes of action that had already accrued at the time it be-

came effective, it will be applied retroactively to include, in this case, the time between February 1, 1965, and March 28, 1965, the date on which plaintiff seeks to end his allegation that the violations were willful. This period of time, and the causes of action that accrued during it, had not been barred by section 255 (a) before it was amended, and the new three year provision merely extended these causes of action; it did not revive them.

Turning to 29 U.S.C.A. § 255(a) one finds that the standard criteria for determining whether a limitation is a "condition" of the right are inconclusive. The right is a legislatively created one it is true, but the determinative test, the placement of the limitation in the statutory scheme of construction indicates an opposite result, for the time limitation is not contained in the statute creating the right or rights. Section 255 is in its entirety a limitation statute. In addition, this court prefers to follow the rationale of Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, transferred from Mo.App., 168 S.W.2d 462 (1943) where the court in that case said that courts in general should exercise restraint in declaring a construction that the very right is extinguished by the lapse of time unless such is the plain statutory intent. This court believes that the better rule in regard to causes of action and amendments to statutes of limitation was stated in Gahling v. Colabee S.S. Co., supra, where the court stated, and so held, that the fact that the Congress made no exception with respect to existing rights raised a strong presumption that it intended to make none.

It is clear then that 29 U.S.C.A. § 255(a) as amended in 1966, and as it became effective on February 1, 1967, was intended to be given retroactive effect. As a result, so much of plaintiff's motion to amend that relates to the period of time not barred by the prior statute of limitations; that is, the time between February 1, 1965, and March 28, 1965, the period of time not barred by 29 U.S.C.A. § 255(a) before it was amended, should be and hereby is granted.

It is so ordered.