LAFON, APPELLANT, *v.*
CITY NATIONAL BANK & TRUST COMPANY OF COLUMBUS, APPELLEE.

(No. 81AP-308—Decided October 6, 1981.)

*Messrs. Bricker & Eckler, Mr. James J. Hughes, Jr.,* and *Mr. David V. Stivison,* for appellant.

*Messrs. Vorys, Sater, Seymour & Pease, Ms. Virginia M. Trethewey* and *Mr. Frederick R. Reed,* for appellee.

McCORMAC, J. Plaintiff-appellant, C. A. LaFon filed a complaint against defendant-appellee, City National Bank and Trust Company (CNB), on October 9, 1979, alleging that on November 5, 1976, he drew a check on his checking account at CNB to the order of James R. Lloyd in the sum of $11,000; that CNB paid the check out of his account on a forged endorsement to a person other than the payee; and that he (LaFon) had promptly notified CNB within a reasonable time of the forgery. LaFon demanded judgment for $11,000, plus interest because CNB refused to repay him or credit his account.

CNB answered, asserting various defenses, and later amended the answer to include the defense of the statute of limitations.

CNB filed a motion for summary judgment based upon the defense of the statute of limitations. The trial court sustained the motion and rendered judgment for CNB. LaFon has appealed, asserting that the trial court erred in concluding that the filing of the complaint was made beyond the one-year statute of limitations set forth in R.C. 1304.29(F).

According to the affidavit of LaFon, he obtained a certified check in the amount of $11,000 drawn on his account with CNB and delivered it to Donald L. Lloyd in consideration for a deed to three lots. (James R. Lloyd was the trustee of the property and the grantor on the deed.) LaFon stated that he had no reason to believe that Donald L. Lloyd would not deliver the check to James R. Lloyd and that James R. Lloyd would, thus, not endorse the check. LaFon further stated that because the check was certified, it was not mailed to him with his other cancelled checks and statements; that CNB only sent him a notice that his account had been debited; and that he had no opportunity to examine the endorsement on the back of the check. LaFon further stated that in February 1977, James R. Lloyd brought an action against LaFon in the Court of Common Pleas of Franklin County for rescission of the deed on the grounds that his (James R. Lloyd's) signature had been forged on the deed. Immediately thereafter in February 1977, LaFon orally notified CNB that the endorsement of the payee on the check may have been forged and that $11,000 may have been paid out of his account because of a forged instrument. However, LaFon stated that no claim was made for repayment. The affidavit goes on to state that in May 1979, the Court of Common Pleas of Franklin County, in the *Lloyd* case, held that the endorsement had been forged by Donald L. Lloyd, awarded the property back to James R. Lloyd, and awarded to LaFon judgment against Donald L. Lloyd for the amount of the check with the forged endorsement and other amounts; LaFon has been unable to collect the judgment from Donald L. Lloyd, who is believed to be out of state. Lastly, the affidavit states that after judgment was rendered in the *Lloyd* case, LaFon notified CNB, through his attorney, that the court had found the endorsement to be a forgery and requested that CNB credit his account in the amount of the check, which request has been ignored.

R.C. 1304.29(F) provides as follows:

"An action against a bank arising out of an unauthorized signature or indorsement of the item must be brought within one year after the customer has notified the bank of his *claim* as required by the provisions of this section." (Emphasis added.)

The sole issue is whether notification of a possible unauthorized endorsement commences the running of the one-year limitation provision contained in R.C. 1304.29(F).

In the admitted oral notification of February 1977, LaFon told CNB that the endorsement on the certified check, drawn on his account, may have been forged, claiming to be unaware of whether it was forged or not until the litigation involving the Lloyds was decided. LaFon made no claim against the bank at that time but, instead, indicated that there may be a claim in the future depending upon the determination of whether the check was forged.

After the judgment in the *Lloyd* case declaring that the endorsement was forged, LaFon further notified the bank of an actual claim and filed suit against the bank less than five months thereafter.

There was a question of fact as to whether LaFon knew of a forgery in February 1977. For summary judgment purposes, see Civ. R. 56(C), it must be

concluded that LaFon, in good faith, knew only of a *possible* forgery at that time.

In addition, the evidence indicates that LaFon did not make a claim against CNB by his oral notice of February 1977. Black's Law Dictionary (Rev. 4 Ed. 1968) defines a "claim" as follows: "To demand as one's own; to assert, * * *[;] [t]o state; to urge; to insist[;] * * * a demand, * * *; a right or title, * * *." By these definitions of a claim, there was no claim made.

Notice of a potential claim was held not to constitute a "claim" within an insurance policy requirement that a claim be made in *Heen & Flint Assoc.* v. *Travelers Indemn. Co.* (1977), 93 Misc. 2d 1, 400 N.Y. Supp. 2d 994. See, also, *Cornell, Howland, Hayes & Merryfield, Inc.* v. *Continental Cas. Co.* (C.A. 9, 1972), 465 F. 2d 22, in which the court held that the evidence supported a finding that no "claim" had been made by the notice of a firm of consulting engineers that a contractor had sued a city on a contract for which the firm had done consulting services, although the letter giving notice referred to it as a "potential claim."

A statute of limitations should not be given a construction other than that which the words demand. *Chisnell* v. *Ozier Co.* (1942), 140 Ohio St. 355 [24 O.O. 291]. To be entitled to summary judgment based upon a statute which commences running from the time of notice of a claim, there must be notification of a claim rather than of a potential or possible claim.

LaFon's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH, P.J., and REILLY, J., concur.