DENNIS v. ATLANTIC COAST LINE R. R.

1. LORD CAMPBELL'S ACT.—THE ACT OF NORTH CAROLINA OF 1897, giving a remedy to employees of railroads and their representatives for injuries or death caused by defects in machinery or appliances,

or negligence of fellow-servants, is merely intended to enlarge the Lord Campbell Act of North Carolina, and they must be construed together.

2. FOREIGN STATUTE.—AN ACTION will lie in this State under statute of a foreign State, provided the provisions thereof are not contrary to the public policy of this State; but the plaintiff must accept his remedy, burdened with all the provisions of such statute.

3. LORD CAMPBELL'S ACT—LIMITATION OF ACTIONS.—The limitation as to the time of bringing an action under the Lord Campbell's Act of North Carolina is not a statute of limitation, but is one of the conditions upon which the right of action is conferred.

Before GAGE, J., Florence, March, 1903.  Affirmed.

Action by Cornelia A. Dennis, admx. of Frank McGowan, against Atlantic Coast Line Railroad Co.  From judgment sustaining demurrer to complaint, plaintiff appeals.

*Mr. W. F. Clayton,* for appellant, cites: *The Act of N. C. is independent of the Lord Campbell's Act:* 124 N. C., 222; 127 U. S., 205.

*Messrs. Willcox & Willcox,* contra, cite: *Foreign statute must be pleaded:* 27 S. C., 458; 66 S. C., 91; 103 U. S., 11; 33 Am. R., 666; 38 Am. R., 493; 56 Am. R., 200; 22 Am. St. R., 804; 54 Am. R., 39; 54 Am. R., 105; 13 Ency. P & P., 277, *et seq;* 4 R. R. R., 504; 50 Am. R., 683.  *The limitation in the Lord Campbell's Act of North Carolina is not a statute of limitation:* 94 N. C., 525; 106 N. C., 205.  *The Act of North Carolina, of 1897, is only an enlargement of the Lord Campbell's Act:* 122 N. C., 961; 123 N. C., 280; 124 N. C., 222; 126 N. C., 458; 128 N. C., 534; 129 N. C., 407; 131 N. C., 234, 476.

November 28, 1904.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  Frank McGowan, a resident of South Carolina, was an engineer in the employment of the defendant, and was killed in North Carolina by the wreck of

an engine he was running, on the 10th November, 1900,
more than one year before this action was commenced by
his administratrix.    It is alleged that the death of the intes-
tate was caused by defects in the machinery and appliances
he was operating, and that the defendant had notice of such
defects.

An agreement between counsel is set out in the record,
in which appears the following statements: "The issue is as
to whether the plaintiff was barred of her right of action in
this State, it being admitted that under the Lord Campbell
Act of North Carolina, the action must be brought within
one year, while in the State of South Carolina the limitation
was two years, and that this action was brought after the
lapse of one year and within two years, the object being to
bring all matters before this Court on this one appeal and to
save several appeals."    The reason for the agreement was,
because this question would not otherwise at this time have
been properly before the Court.

The appellant contends that her action was brought under
the statute of North Carolina, passed in 1897; that it was
independent of the Lord Campbell Act; that its provisions
were comprehensive enough to afford relief in this action;
that the statute of limitations pertains merely to the remedy,
and is governed by the *lex fori*.    That statute is as follows:
"Sec. 1.    That any servant or employee of any railroad com-
pany operating in this State, who shall suffer injury to his
person, or the personal representative of any servant or
employee who shall have suffered death, in the course of
his service or employment with said company, by the negli-
gence, carelessness or incapacity of any servant, employee
or agent of the company, or by any defect in the machinery,
ways or appliances of the company, shall be entitled to main-
tain an action against such company."    The other section
has no application to this case.

The respondent contends that this statute is but an
enlargement of the provisions of the Lord Campbell Act;

that they are *in pari materia* and must be construed together; that the time within which the action must be brought under the Lord Campbell Act is in no sense a statute of limitations; and that any facts that would have destroyed the right of recovery if the suit had been instituted in North Carolina will defeat the action in this State.

The Lord Campbell Act of North Carolina is as follows: "Whenever the death of a person is caused by the wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executors, administrators, or collectors, and this notwithstanding the death, and although the wrongful act or neglect causing death, amount in law to felony."

The statute of 1897 has been declared by the Supreme Court of North Carolina, in the case of *Hancock* v. *N. & W. R. R.,* 124 N. C., 222 (32 S. E. R., 679), to be constitutional. Our construction of the statute of 1897 is, that it was merely intended to enlarge the provisions of the Lord Campbell Act; that it was in the nature of an amendment to that Act; and that they must be construed together.

This action could not have been maintained in North Carolina after more than one year had elapsed from the death of the person suffering the injury. In *Huntington* v. *Attrill,* 146 U. S., 657, 670, the Court says: "In order to maintain an action for an injury, some Courts have held that the wrong must be one which would be actionable by the law of the place where the redress is sought, as well as by the law of the place where the wrong was done. * * * But such is not the law of this Court. By our law a private action may be maintained in one State if not contrary to its own policy, for such a wrong done in another

17—70.

and actionable there, although a like wrong would not be actionable in the State where the suit is brought." See, also, vol. 16, Harv. L. Rev., No. 1, p. 63 (Nov., 1902). As we have a statute which gives an action for wrongfully causing death, it is not against public policy to enforce such a liability here, although it arose in another jurisdiction. *Stewart* v. *B. & O. R. R.,* 168 U. S., 445. When such a liability is enforced in a jurisdiction other than the place of the wrongful act, it does not mean that the act in any degree is subject to the *lex fori,* with regard either to its quality or its consequences. *Slater* v. *R. R. Co.,* 194 U. S., 120, 126. In the case last mentioned the Court uses this language: "The theory of the foreign suit is that, although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an *obligatio,* which like other obligations, follows the person, and may be enforced wherever the person may be found. *Stout* v. *Wood,* 1 Blackf., 71; *Dennick* v. *Central R. Co.,* 103 U. S., 11, 18, 26 L. ed., 439, 442. But as the only source of this obligation is the law of the place of the act, it follows that that law determines not merely the existence of the obligation (*Smith* v. *Condry,* 1 How., 28, 11 L. ed., 35), but equally determines its extent. It seems to us unjust to allow a plaintiff to come here, absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose. In *Northern P. R. Co.* v. *Babcock,* 154 U. S., 190, 199; 38 L. ed., 958, 961; 14 Sup. Ct. Rep., 978, an action was brought in the district of Minnesota for a death caused in Montana, and it was held that the damages were to be assessed in accordance with the Montana statute. Therefore we may lay on one side as quite inadmissible the notion that the law of the place of the act may be resorted to so far as to show that the act was a tort, and then may be abandoned, leaving the consequences to be determined according to the accident of the place where the defendant may happen to be caught."

The two statutes of North Carolina must be construed together in determining the consequences of the wrongful act. The action in this State is encumbered with all the burdens arising out of either of said statutes. In *Taylor* v. *Cranberry· Iron and Coal Co.,* 94 N. C., 525, 526, the Court thus construes the provision of the Lord Campbell Act limiting the time within which the action must be brought: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun. The nature of the cause of action, when it occurred, and when this action began, plainly appeared from the complaint and summons, and as more than a year elapsed after the death of the intestate, and before the brinigng of the action, it is clear it cannot be maintained, and the judgment must, therefore, be affirmed."

It is well settled in this State that the statute of limitations relates to the remedy and is enforced according to the *lex fori.* *Sawyer* v. *Macaulay,* 18 S. C., 543. But the requirement that the action shall be commenced within one year after the party is killed is not a statute of limitations. At common law there was no right of action for death caused by wrongful act. The requirement as to the time of commencing the action is a part of the statute creating this right. It is incumbent on those seeking the benefit of the statute to show that their action conforms to all the requirements thereof, one of which is that the suit must be instituted within a certain time. In North Carolina the failure to commence the action within one year did not simply extinguish the *remedy,* but was an extinction of the *right* conferred by the statute.

When such is the case the action cannot be maintained in this State. *Sawyer* v. *Macaulay*, 18 S. C., 543. The North Carolina decision is in harmony with the principle announced in *Walker* v. *Chester County*, 40 S. C., 342, 18 S. E., 936. That case was an action under the statute which gave a right of action for damages caused by a defect in the repair of a highway. The statute contained a proviso limiting the right of action to cases *inter alia,* where the plaintiff had not brought about his injury by his own act or negligently contributed thereto. There was a demurrer to the complaint on the ground that it failed to allege that the plaintiff did not in any way bring about her injury by her own act or negligently contributed thereto. A county was not liable at common law in an action for injuries received from defects in the repair of a highway. This Court held that the demurrer was properly sustained. Mr. Chief Justice McIver concurred on the ground that the conditions upon which the right is conferred must appear in the complaint, as, otherwise, no right of action is stated. These authorities are conclusive of the question under consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.