**Marshall COOLEY and Betty Jo Cooley, Plaintiffs,**

v.

**SALOPIAN INDUSTRIES, LTD., Defendant.**

**Civ. A. No. 73–441.**

United States District Court, D. South Carolina, Greenville Division.

Oct. 31, 1974.

David L. Freeman, Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiffs.

Donald L. Ferguson, Haynesworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant.

## ORDER

### ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

HEMPHILL, District Judge.

Plaintiffs are citizens and residents of Chesnee, South Carolina. Defendant, doing business in South Carolina, is incorporated under the laws of Great Britain, having its principal place of business in Shrewsbury, England, and is engaged in the business of selling, distrib- uting, and servicing machinery and equipment for the automatic handling of poultry used in egg production.

The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000 and jurisdiction is founded on diversity of citizenship.[1]

Defendant, on February 28, 1972, signed a conditional sales contract with plaintiffs for the purchase of certain poultry equipment consisting of cages and related machinery and accessories.

The poultry equipment was designed and manufactured by defendant in Shrewsbury, England, and was shipped to Charleston, South Carolina, for delivery to plaintiffs in Spartanburg County, South Carolina.

Receipt of two containers on March 30 and March 31, 1972, completed the delivery of the cage equipment for two poultry houses. Thereafter, the installation specifications were amended and confirmed on May 22, 1972.

On November 22, 1972, plaintiffs sent notice in writing to defendant's agent, Anthony Walters, Jr., Richmond, Virginia, that the equipment was defective, incomplete, and failed to comply with the terms and specifications of the agreements under which such equipment was purchased.

Plaintiffs filed this complaint on May 3, 1973, alleging breach of express warranty under the contract, breach of implied warranty of merchantability under Code of Laws of South Carolina § 10.2–314 (1966), breach of implied warranty of fitness for a particular purpose under Code of Laws of South Carolina § 10.2–315 (1966), strict liability in tort under Restatement (Second) of Torts § 402A (1974), and negligence in design, manufacture, assembly, delivery, handling, and repair.

## THE MOTIONS PRESENTED

This matter is before the court on motions of defendant for an order dismissing plaintiff's causes of action for

1. 26 U.S.C. § 1332.

breach of express warranty, breach of implied warranties, and strict liability in tort. Several grounds are set forth in the motions filed September 16, 1974. These grounds are: (1) as to breach of express warranty under the contract,

(a) there is no privity of contract between plaintiffs and defendant because the sale was made by Harrell Bennett Sales, Inc., Nashville, Tennessee; and

(b) assuming arguendo that there is privity of contract, defendant's warranty is limited to replacing "defective material or workmanship for a period of six (6) months following completion of the installation" under paragraph (11) of the conditional sales contract between plaintiffs and defendant;

(2) as to breach of implied warranties of merchantability and of fitness for a particular purpose,

(a) there is no privity of contract between plaintiffs and defendant because the sale was made by Harrell Bennett Sales, Inc., Nashville, Tennessee; and

(b) assuming arguendo that there is privity of contract, defendant disclaimed any implied warranty under paragraph (11) of the conditional sales contract between plaintiffs and defendant; and

(3) as to strict liability in tort, such doctrine did not exist at the time this cause of action arose and at the time this complaint was filed.

(4) Defendant also moves to require plaintiff to elect the remedy under which they will seek recovery.

Oral arguments were heard on October 18, 1974 and the court now rules upon the motions presented. The last motion being a procedural point, will be decided first.

### ELECTION OF REMEDY

■ Plaintiffs are attempting to proceed both *ex delicto* and *ex contractu*. Defendant desires to know now whether

to pitch its defense on the tort or contract aspects of this case before plaintiffs present their main thrust at trial.

Federal Rule of Civil Procedure 8 provides in part:

Rule 8. General Rules of Pleading.

(a) Claims for Relief. . . . Relief in the alternative or of several different types may be demanded.

. . . . . .

(e) Pleading To Be Concise and Direct; Consistency.

. . . (2) . . . A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both.

. . .

The motion to elect is inappropriate. This is a federal court, and not a state court. The mischievousness that grew up around the doctrine concerning the election of inconsistent remedies was jettisoned with the adoption of the Federal Rules of Civil Procedure on January 3, 1938.

Plaintiff may proceed under both a tort theory and a contract theory at the trial of the case on the merits. Defendant's motion to elect is not authorized under the Federal Rules of Civil Procedure and therefore must be denied summarily.

### BREACH OF EXPRESS WARRANTY

(a) *Privity of Contract.*

■ "Privity" continues to be a requirement under South Carolina law for adverse parties involved in a breach of contract action. Odom v. Ford Motor Co., 230 S.C. 320, 95 S.E.2d 601 (1956).

South Carolina Code of Laws § 10.2–318,[2] adopted by the state legislature in 1966 "is neutral and is not intended to enlarge or restrict the developing case law . . . ." Thus, Official Comment 3 makes it clear that the privity

---

2. § 10.2–318. Third party beneficiaries of warranties express or implied.

A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be af-

fected by the goods *and whose person or property* is damaged by breach of the warranty. A seller may not exclude or limit the operation of this section. (Emphasis added.)

requirement in *contract* actions was unaffected by the enactment of this statute.

Official Comment 2 makes it equally clear that the privity requirement in *tort* actions *was* affected by the enactment of this statute in that lack of privity is no longer a defense where personal injury or damage to other property occurred to "the buyer's family, household and guests . . . . " This court extended the rule that lack of privity is no longer a defense in tort actions brought by innocent third parties in McHugh v. Carlton, 369 F.Supp. 1271 (·D.S.C.1974).

■ However, this case does not involve any personal injury or damage to other property of the purchaser. It is an action for the sale of defective machinery and therefore privity of contract is a necessary prerequisite to the processing of this suit.

■ There is privity of contract in this case. The conditional sales contract is executed between one of the plaintiffs, Marshall A. Cooley, as purchaser, and two officers of defendant corporation, as seller.

Although the sale was arranged between the parties by Harrell Bennett Sales, Inc., Nashville, Tennessee, and the goods were shipped to the United States, care of Harrell Bennett, these facts do not make the latter an intermediate distributor and, thus, does not establish the lack of privity defense. Indeed, the signature of Harrell E. Bennett appears only as a witness to the conditional sales contract and not as a party thereto.

(b) *Applicability of Express Warranty.*

Paragraph (11) of the conditional sales contract in question states in pertinent part:

Seller warrants that the Equipment is in compliance with the stated specifications and against defective material or workmanship for a period of six (6) months following completion of the installation on Purchaser's Farm, and Seller's sole liability by virture [sic] of this warranty shall be limited

to the repair [and] replacement of parts (F.O.B. Plant of Seller) demonstrated within said period to Seller's satisfaction to be defective as said. This warranty shall not apply if Seller's inspection reveals the equipment was (a) damaged by misuse or causes beyond Seller's control, (b) installed or operated other than in accordance with installation and operation instructions, and periodic service bulletins, (c) or repaired or altered.

Plaintiffs raise no argument against the applicability of this provision and therefore it will be applied in full force and effect at the trial of the case on the merits.

## BREACH OF IMPLIED WARRANTIES

(a) *Privity of Contract.*

Having found that privity is a requirement in contract actions in South Carolina and that such privity exists in this case under the foregoing analysis of the express warranty, it is unnecessary to reconsider here whether or not privity of contract is also a requirement and exists for any implied warranties. If privity is found for the express warranty, it follows *a fortiori* that privity exists for any implied warranties.

(b) *Limitation on Implied Warranties.*

■ Defendant attempted to disclaim any implied warranty under paragraph (11) of the conditional sales contract between the parties by the following:

Seller makes no other warranty of any kind whatever, expressed or implied, and all warranties of merchantability and fitness for a particular purpose which exceed the above obligation are hereby disclaimed by Seller and excluded. Seller will not be liable for any consequential damages, loss and/or expenses arising in connection with use of, or inability to use the Equipment. If the Purchaser has any right of action upon or by virture [sic] of this Warranty, suit must be brought within (6) six months from date of execution of this contract.

This attempted disclaimer of the implied warranties is governed by South Carolina Code of Laws § 10.2–316(2), which provides:

§ 10.2–316. Exclusion or modification of warranties.

. . . . . .

(2) . . . to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude the implied warranty of merchantability or of fitness for a particular purpose must be specific. . . .

The significant point for analysis in this part of this decision is whether or not the disclaimer is "conspicuous." The term is defined in § 10.1–201(10) as follows:

*"Conspicuous"*: A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: *Nonnegotiable Bill Of Lading*) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. . . . Whether a term or clause is "conspicuous" or not is for decision by the court.

The conditional sales contract in question is seven legal-sized, double-spaced, typed pages in length. The attempted disclaimer is buried in the text of a lengthy paragraph and is not "in larger or other contrasting type or color," as required by § 10.1–201(10). Thus, this court finds, as a matter of law, that the attempted exclusion of all implied warranties is inoperative because the disclaimer is not "conspicuous".

As a result, plaintiffs may assert any breach of the implied warranty of mer-chantability under § 10.2–314 and any breach of the implied warranty of fitness for a particular purpose under § 10.2–315.

### STRICT LIABILITY IN TORT

The cause of action *ex contractu* in this case arose upon the delivery of the alleged defective goods to the purchaser on March 30 and 31, 1972. The cause of action *ex delicto* arose upon the personal injury or damage to other property, if any, caused by the defective goods. There is no allegation of personal injury or damage to other property in the complaint filed on May 3, 1973. In July, 1974, the South Carolina state legislature enacted the doctrine of strict liability in tort, as expressed by Restatement (Second) of Torts § 402A, into the law of this state. Theretofore, the doctrine had not been the law of this state since there was no prior pronouncement by the state supreme court or by the state legislature. See McHugh v. Carlton, supra, at 1278–1280.

■ Since the doctrine is remedial in nature, this statute is retrospective and may be asserted by any plaintiff when his or her complaint is filed with a court after the enactment of the statute, regardless of the fact that the cause of action arose before the enactment of the doctrine into the law of South Carolina. See Howard v. Allen, 368 F.Supp. 310 (D.S.C.1973), affirmed per curiam, 487 F.2d 1397 (4th Cir. 1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974).

■ Since plaintiff's complaint was filed in this court before the enactment of the statute in question, plaintiff's cause of action based on strict liability in tort should be stricken from the complaint. However, in accordance with this court's policy of allowing liberal amendment of the pleadings in accordance with Federal Rule of Civil Procedure 15(a),[3] plaintiffs may replead the

---

3. Rule 15. Amended and Supplemental Pleadings.
   (a) Amendments. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

doctrine of strict liability in tort in pursuit of their remedy.

Notwithstanding this court's grant of leave to amend the pleadings, such an effort is of no avail to plaintiffs herein because this court finds that defendant is entitled to judgment, as a matter of law, on any cause of action arising under the doctrine of strict liability in tort.

█ As expressed in Restatement (Second) of Torts § 402A itself, the doctrine of strict liability in tort requires an allegation of damages "for physical harm thereby caused [by the product in a defective condition unreasonably dangerous] to the ultimate user or consumer or to his property . . . ." Here plaintiffs have alleged that they have incurred damages only to the product *itself*, i. e., the equipment for the automatic handling of poultry, and not to *themselves*, in the nature of personal injuries, nor to their *other property*, e. g., damage to the poultry or to the poultry houses.[4]

Therefore, for this reason, even though the doctrine of strict liability in tort is now the law of South Carolina and this court would allow plaintiffs to replead under Rule 15(a), if they had a colorable claim, plaintiffs' cause of action on such legal theory must fail as a matter of law.

## CONCLUSIONS

(1) Defendant's motion to dismiss plaintiffs' cause of action for breach of express warranty is denied;

(2) Defendant's motion to dismiss plaintiffs' cause of action for breach of implied warranties of merchantability and of fitness for a particular purpose is denied;

(3) Defendant's motion to dismiss plaintiffs' cause of action for strict liability in tort is granted; and

(4) Defendant's motion to require plaintiff to elect remedies is denied.

And it is so ordered.

---

4. Apparently, the applicability of § 402A has not been widely studied or accepted by the bar.