Joseph **DIRKSEN** et al., Plaintiffs,

v.

**HYNES AND HOWES INSURANCE
COUNSELORS, INC., an Iowa Corporation, et al., Defendants.**

Civ. No. 73–257–2.

United States District Court,
S. D. Iowa, C. D.

Dec. 10, 1976.

C. Carleton Frederici, A. Arthur Davis, Donald J. Brown, Jack H. Heen, Frank J. Carroll, Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for plaintiffs.

James A. Francis, Tam B. Ormiston, Patrick M. Courtney, Francis, Courtney & Ormiston, Davenport, Iowa, James T. Otis; George E. Weaver, Price, Cushman, Keck, Mahin & Cate, Chicago, Ill., for defendants H & H Ins. Counselors, Inc.; The Frank B. Howes Tr.; Ralph A. Perry; Willis A. Schrampfer; Norman J. Kelinson; Hubert

Nelson; John R. Howes; Marion Moorhead; Dale R. Dietz & Richard G. Sage.

David J. Sohr, John E. Nagle, Edward B. Harris, Nagle, Blair & Sohr, Davenport, Iowa, for defendants John J. Hiebing; Ronald C. Mathias; & Hiebing & Mathias, a partnership.

Thomas F. Daley, Jr., Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, Iowa, for defendants Durwood W. Dircks, A. Fred Berger, Ronald L. Saylor and Dircks, Berger & Saylor.

Sam F. Scheidler, Brent B. Green, Gamble, Riepe, Burt, Webster & Fletcher, Des Moines, Iowa, for defendants Edmund L. Shapley; Robert E. Shapley; Shapley, Jennings & Co., a partnership.

## ORDER

HANSON, Chief Judge.

In *In re Alodex Corporation Securities Litigation*, 392 F.Supp. 672 (D.C.1975), *aff'd* 533 F.2d 372 (8th Cir. 1976), this Court ruled that the two-year statute of limitations of Iowa's blue sky law applies to federal Rule 10b–5 actions brought in this state. Pending in this securities fraud lawsuit are motions to dismiss which raise questions as to the present validity of *Alodex* in light of recent changes in both state and federal securities law.

The original complaint in this case was filed on November 13, 1973. Plaintiffs are fourteen present and former shareholders of Hynes and Howes Insurance Counselors (the Company) who purchased certain common stock pursuant to a public offering held in late 1972 and early 1973. Defendants to the original complaint were the Company and certain directors, officers, and/or alleged controlling persons thereof. Five counts are asserted against these defendants. Count I alleges that the common stock in question was sold in violation of

§ 12(1) of the 1933 Securities Act, 15 U.S.C. § 77*l*(1), in that no proper registration statement had been filed at the time of the public offering. Count II is based upon § 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2); Counts III and IV are based, respectively, on the anti-fraud provisions of § 17(a) of the 1933 Act and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 77q(a) and 78j(b); Count V is a pendent claim based upon § 502.28 of the Iowa Securities Act. In an Order filed on January 14, 1976, it was ruled that the case could proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

The pending motions to dismiss are in response to plaintiffs' third amendment to their complaint, filed on December 31, 1975. That amendment, in six new counts, added certain lawyer and accountant defendants to the case. Specifically, Count VI asserts anti-fraud violations of the 1933 and 1934 Acts against defendants John Hiebing, Ronald Mathias, and the accounting firm of Hiebing & Mathias (the accountants); Counts VII and VIII assert anti-fraud violations of the Iowa Securities Act against the accountants; Count IX asserts anti-fraud violations of the 1933 and 1934 Acts against defendants Durwood Dircks, A. Fred Berger, Jr., Ronald Saylor, and the partnership of Dircks, Berger and Saylor (the lawyers); and Counts X and XI assert Iowa Securities Act anti-fraud violations against the lawyers.[1] These new counts are based upon allegations of the lawyers and accountants' involvement with the Hynes and Howes Insurance Counselors public stock offering in 1972.

The accountant and lawyer defendants have moved to dismiss the six counts against them for the reason that they are barred by the statute of limitations. Counts VI and IX of the amended complaint assert that the defendants directly

---

1. On July 14, 1976 plaintiffs filed a "Fifth Amendment to Complaint." Said amendment made certain textual changes in Counts VI through XI, and added six new counts against the lawyer and accountant defendants. Two of these counts allege further violations of § 17(a) of the 1933 Act, while four of the counts assert common law claims against these defendants. The new counts of this amendment are not considered in this Order. Further, notwithstanding any comments made herein, the Court has yet to accept or refuse pendent jurisdiction over the various state law claims in the amended complaint.

violated § 10(b) of the 1934 Act (and Rule 10b–5 thereof) and aided and abetted in other defendants' violations of Rule 10b–5, as well as Sections 17 and 12(2) of the 1933 Act. Of these three federal provisions, only § 12(2) has its own statute of limitations, that being the one-year provision of § 13 of the 1933 Act. State law must therefore be utilized to provide the statute of limitations applicable to the Section 17 and Rule 10b–5 causes of action.[2] *Vanderboom v. Sexton*, 422 F.2d 1233, 1237 (8th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970).

In *Alodex, supra*, this Court prescribed a two-year statute of limitations for Rule 10b–5 suits by determining which of the following Iowa causes of action most "resembled" a Rule 10b–5 claim: common law fraud, § 502.26 of the Iowa Securities Law, or § 502.28 of the Iowa Securities Law. The § 502.26 cause of action was chosen, primarily because neither it nor Rule 10b–5 required scienter on the part of a defendant, while § 502.28 and fraud did. 392 F.Supp. at 674–79. This conclusion was affirmed on appeal, 533 F.2d 372. Less than one week after the Eighth Circuit's *Alodex* opinion was handed down, the United States Supreme Court decided the case of *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In that case, the Court held that a private cause of action for damages under § 10b and Rule 10b–5 will not lie "in the absence of any allegation of 'scienter'—intent to deceive, manipulate, or defraud." 425 U.S. at 193, 96 S.Ct. at 1381. In so ruling, the Court repudiated the Eighth Circuit's view that negligence is sufficient to establish a defendant's Rule 10b–5 liability. *Myzel v. Fields*, 386 F.2d 718 (8th Cir. 1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968). Given the emphasis placed on the lack of scienter for Rule 10b–5 recovery in *Alodex*, that decision's conclusions must now be reexamined.

The Court has no doubt that the *Vanderboom v. Sexton* resemblance test survives *Hochfelder*. See *Bailey v. Piper, Jaffray & Hopwood, Inc.*, 414 F.Supp. 475, 479 (D.Minn.1976). The question boils down to whether the resemblance test analysis undertaken in *Alodex* produces a different result after *Hochfelder*. The Iowa causes of action which must be compared to Rule 10b–5 for purposes of the pending motions remain common law fraud and the two provisions of the Iowa Securities Law, §§ 502.26 and 502.28.[3] The Court's inquiry

---

2. The parties have briefed this issue from the premise that the state statute of limitations which applies to Rule 10b–5 would also govern actions under § 17. The *Alodex* decision dealt solely with a Rule 10b–5; however, because § 17 and Rule 10b–5 are "virtually identical," see *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733 n.6, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Court deems that whatever limitations statute applies to Rule 10b–5 will apply as well to § 17. See *Hitchcock v. deBruyne*, 377 F.Supp. 1403 (D.Conn.1974); *Mittendorf v. J. R. Williston & Bean Inc.*, 372 F.Supp. 821, 830 (S.D.N.Y.1974).

3. Effective January 1, 1976, the Iowa legislature repealed former Chapter 502 of the Iowa Code, and replaced it with the Iowa Uniform Securities Act, § 502.101 *et seq.* I.C.Ann. (1976 Supp.) Section 502.401 of the new law provides as follows:

*Offers, sales and purchases.*

It is unlawful for any person, in connection with the offer to sell, offer to purchase, sale or purchase of any security in this state, directly or indirectly:

1. To employ any device, scheme, or artifice to defraud;

2. To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

3. To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

While the language of the new Iowa statute almost directly mirrors federal Rule 10b–5, Iowa's Uniform Act provides that "prior law" shall govern actions "bas[ed] on facts or circumstances occurring" before January 1, 1976. § 502.612(1). Accordingly, the Court will not consider the new Iowa statute in its resemblance test analysis. See *Bailey v. Piper, Jaffray & Hopwood, Inc., supra*, at 479–80. The Court's comparisons herein are based upon those Iowa causes of action which were in existence in 1972 and 1973, when the acts underlying plaintiffs' amended complaint occurred. It should be recognized that the resemblance test conclusions reached herein will govern only those occurrences which predate the Iowa Uniform Act.

must focus upon which state cause of action (1) shares a "common purpose" with Rule 10b–5, and (2) permits the assertion of substantially the same defenses that are available in a Rule 10b–5 action. *Alodex, supra,* 533 F.2d at 373.

█ The first prong of the test is settled by *Alodex*—the state and federal statutory actions share a commonality of purpose which common law fraud and Rule 10b–5 do not. *Id.* As to the second prong of the test, it is clear that § 502.26 is no longer the most analogous cause of action to Rule 10b–5, given the latter's *Hochfelder*-dictated scienter element. This does not necessarily mean that the two-year limitations period of § 502.23 is inapplicable, however, for § 502.28 must also be considered. As previously stated by this Court, "Section 28 applies to a defendant who knowingly makes false representations in the course of a securities sale. Its plain language clearly reveals a scienter element." 392 F.Supp. at 679. While common law fraud in Iowa also requires scienter, *id.* at 677, the commonality of purpose shared by § 502.28 and Rule 10b–5 makes those causes of action more analogous than are Rule 10b–5 and fraud. Accordingly, it is the Court's conclusion that the statute of limitations for § 502.28 applies to Rule 10b–5 actions in Iowa. This statute is § 502.23, the same limitations period that governs § 502.26 actions. Thus, the net effect of *Hochfelder* on *Alodex* is that Iowa's securities act statute of limitations still applies, but because of the resemblance of § 502.28, as opposed to § 502.26, to Rule 10b–5.

Having determined that the statute of limitations of § 502.23 applies to Rule 10b–5 cases, the effects of certain amendments to § 502.23 must now be considered. Prior to May 2, 1974, § 502.23 contained a two-year limitations period. In an amendment effective on that date, however, the statute was lengthened to five years.[4] The parties are in disagreement as to which of these two

periods, two or five years, governs Counts VI through XI.

There can be no dispute from the record in this case that the occurrences upon which plaintiffs sue pre-date the May 1974 amendment. The public offering at issue commenced in October of 1972, and ended by early 1973. It is significant, however, that the acts complained of occurred less that two years prior to the five-year extension in May of 1974. Further, plaintiffs assert that they did not discover their cause of action against the lawyers and accountants until July of 1974, at the earliest. Because this discovery was made after the five-year statute was in effect, and because their claim was still in existence in May of 1974, plaintiffs assert that Counts VI through XI should be governed by the extended period.

The *Alodex* plaintiffs similarly sought to avail themselves of the May 2, 1974 amendment lengthening § 502.23, but were unsuccessful. *Alodex* is distinguishable from the instant case, however, for in *Alodex* the plaintiffs' two-year period to sue under § 502.23 had expired prior to the May amendment. Giving the *Alodex* plaintiffs the benefit of the five-year statute thus would have had the impermissible effect of reviving an expired claim. *See Wisbey v. American Community Stores Corp.,* 288 F.Supp. 728, 734 (D.Neb.1968); 51 Am.Jur. *Limitations of Actions,* § 44 (1970). In this case, the earliest that § 502.23 could begin to run would be October of 1972. Thus, the two-year limitations period would not have expired at the time of the 1974 amendment, and no revival of an expired claim would occur. Given this difference, *Alodex* does not control possible application of the five-year period.

█ In borrowing a state limitations period for the pending federal fraud claims, this Court will adhere to the rule that an amendment lengthening a statute of limitations may properly be applied to causes of action which are viable at the time of the

---

4. *See* 1974 Iowa Legislative Service Pamphlet at 181, 182. Iowa's new Uniform Securities Act contains a two-year limitation period for actions akin to Rule 10b–5. *See* § 502.-

504(2)(b), I.C.A. (1976 Supp.). That law, however, did not become effective until January 1, 1976, after the filing of plaintiffs' third amended complaint.

effective date of that amendment. *See, e. g., Wisbey v. American Community Stores Corporation, supra; Gahling v. Colabee S.S. Co.,* 37 F.Supp. 759 (E.D.Pa.1941); *see also* 51 Am.Jur.2d *Limitations of Actions* § 40 (1970); Annot., 79 A.L.R.2d 1080 (1961). Application of this rule is especially apt here, since the state time limitation being invoked is not contained in either of the federal statutes impliedly creating the rights sued upon, nor is it found in a statute which is directed to the federal acts "so specifically as to warrant saying it qualified the right(s)." *Davis v. Mills,* 194 U.S. 451, 454, 24 S.Ct. 692, 694, 48 L.Ed. 1067 (1904); *Wisbey v. American Community Stores Corporation, supra,* at 735. Accordingly, plaintiffs' § 17 and Rule 10b–5 claims, being in existence at the time of the May 2, 1974 extension of § 502.23 to five years, are governed by that extension. Because these claims could not have accrued before October 1972, the December 21, 1975 filing was timely; hence, defendants' motions to dismiss the § 17 and Rule 10b–5 claims in Counts VI and IX of the amended complaint are overruled.

Counts VII, VIII, X and XI of the amended complaint assert violations of the Iowa Securities Law against the lawyer and accountant defendants. Counts VII and X are based upon § 502.28 of the 1975 Iowa Code; Counts VIII and XI are based on § 502.26. The statute of limitations provision for both actions is § 502.23, and defendants have moved to dismiss these counts as being barred by the two-year limitations period. Plaintiffs assert that the previously discussed amendment to § 502.23 on May 2, 1974 makes the claim timely.

In contrast to the § 17 and Rule 10b–5 claims encompassed in Counts VI and IX, the four counts at issue here deal solely with issues of state law. Section 502.612 of Iowa's new Uniform Securities Law provides as follows:

*Prior law.*

1.   Chapter 502, Code 1973, as amended by chapters 1090 and 1238, Laws of the Sixty-fifth General Assembly, 1974 Session, referred to in this section as "prior law", exclusively governs all suits, actions, prosecutions, or proceedings which are pending or may be initiated on the basis of facts or circumstances occurring before the effective date of this chapter, except that no civil suit or action may be maintained to enforce any liability under prior law unless brought within any period of limitation which applied when the cause of action accrued.

Counts VII, VIII, X and XI clearly seek to enforce liabilities under prior state law. Thus, it must be determined whether they have been brought "within any period of limitation which applied when the cause of action accrued."

While no state court decisions have interpreted this section of the new law, the Court believes that the required test is rather straightforward. Two relevant Iowa limitations periods predate the new act. Until May 2, 1974, "prior law," *i. e.,* § 502.-23, had a two-year limitations period; from May 2, 1974 to Dec. 31, 1975, § 502.23 prescribed a five-year period. State actions which "accrued" prior to May 2, 1974 are governed by the two-year period; actions which accrued between May 2, 1974 and Jan. 1, 1976, the effective date of the new law, must be filed within five years. To resolve the pending motions, state law must be consulted to determine when plaintiffs' state causes of action "accrued."

In *Chrischilles v. Griswold,* 150 N.W.2d 94 (Iowa 1967), the Iowa Supreme Court stated as follows:

We now believe the better rule to be that a cause of action based on negligence does not accrue until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it and are persuaded that the rationale of the discovery doctrine should be adopted.

*Id.* at 100. *See also Flynn v. Lucas County Memorial Hospital,* 203 N.W.2d 613, 616 (Iowa 1973); *Williams v. Vick Chemical Company,* 279 F.Supp. 833, 836 (S.D.Iowa 1967). Given the Iowa Supreme Court's application of the discovery rule to "negli-

gence actions generally," *Schnebly v. Baker*, 217 N.W.2d 708, 722 (1974), this Court has no doubt that this discovery rationale would govern "accruals" under the new Uniform Securities Act as well.

Applied to the facts of this case, it is apparent that defendants' motions to dismiss the state statutory claims must be overruled. Discovery is an inherently factual question, and the record is in much dispute. Taking plaintiffs' allegations as true for the purposes of the pending motions to dismiss, plaintiffs' allegations of discovery during the five-year limitations period are sufficient to defeat the motions.[5]

In accordance with the foregoing discussion,

IT IS HEREBY ORDERED that defendants' motions to dismiss (and/or to strike) Counts VI, VII, VIII, IX, X, and XI are overruled.

---

[5]. Factual disputes as to discovery also exist in regard to the § 12(2) aspects of Counts VI and IX of the amended complaint. *See Lamb v. United Security Life Company*, 59 F.R.D. 44, 47 (S.D.Iowa 1973). While plaintiffs position is much weaker on this claim given the one-year limitations period of § 13 of the 1933 Act, the record is sufficiently in dispute to preclude granting defendants' motions. Similarly, defendants' motions to dismiss the state law counts for lack of "personal participation" by the accountants and lawyers in the acts complained of go to factual matters over which disagreement exists.