Marion C. CANNON, Plaintiff,

v.

JOHNSON, LANE, SPACE, SMITH & COMPANY, INC., Defendant.

Civ. A. No. 77–688.

United States District Court,
D. South Carolina,
Columbia Division.

March 24, 1978.

Robert C. Elliott, Columbia, S. C., for plaintiff.

Charles W. Knowlton, William C. Boyd, III, Columbia, S. C., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HEMPHILL, District Judge.

By motion filed December 19, 1977, defendant seeks summary judgment in his favor upon the grounds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. In support of its position, defendant has filed a memorandum. Plaintiff, in opposition, also has filed a memorandum; both have been reviewed by the court.

Plaintiff's lawsuit was initiated in the Richland County Court of Common Pleas by service of Summons and Complaint upon the defendant on March 28, 1977. The matter is before this court upon removal by defendant based on diversity of citizenship.

Defendant contends that plaintiff's cause of action alleges a violation of & 62–309 of the Code of Laws of South Carolina (1962), that is now § 35–1–1490 of the Code of Laws of South Carolina (1976), commonly known as South Carolina blue sky law, based upon the purchase of unregistered securities made in April, May and August of 1974.[1]

---

1. Plaintiff's complaint in paragraph 2 alleges as follows:

2. Defendant sold to Plaintiff securities in violation of § 62–151 of the Code of Laws of South Carolina, 1962, as amended. Specifically, it sold to him twelve thousand nine hundred (12,900) shares of a security known as Vlakfontein Gld Mn Ltd. Adr, which security was not at the time of the sale registered or exempt under the provisions of the aforementioned § 62–151.

Section 62–151 of the South Carolina Code of Laws (1962) is the same as § 35–1–810 of the South Carolina Code of Laws (1976) and reads:

It is unlawful for any person to offer or sell any security in this state unless (a) it is registered under this chapter or (b) the security or transaction is exempted under § 35–1–310 or 35–1–320.

Section 35–1–1490, of the South Carolina Code of Laws (1976) (formerly 62–309, South Carolina Code of Laws (1962)) reads as follows:

§ 35–1–1490. Liability to buyers for illegal or fraudulent sales or offers.

Any person who:

(1) Offers or sells a security in violation of subsection (2) of § 35–1–170 or § 35–1–410 or § 35–1–810, or of any rule or order under § 35–1–50 which requires the affirmative approval of sales literature before it is used or of any condition imposed under § 35–1–950 or § 35–1–990; or

(2) Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission;

Is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six per cent per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at six per cent per year from the date of disposition.

Defendant contends that plaintiff's cause of action is barred by the statute of limitations. At the time the cause of action arose the applicable period of limitation for bringing an action was two years after the contract of sale pursuant to § 62–313 of the Code of Laws of South Carolina (1962) (§ 35–1–1530 of the Code of Laws of South Carolina (1976)).[2] This statute was amended by the General Assembly of South Carolina by Act No. 453 of 1976, effective January 23, 1976, which extended the limitation to three years (see § 35–1–1530, Code of Laws of South Carolina (1976 Supp.). The defendant contends that the proper limitation period is that which was in effect at the time the cause of action arose, i.e., two years, and that the two-year statute of limitations is a bar to recovery in this action and is the basis for defendant's motion for summary judgment.

Plaintiff counters by relying upon Act No. 453 of the Acts and Joint Resolutions of the South Carolina General Assembly, 1976, approved January 23, 1976, which extends the period of limitations to three years. Section 35–1–1530. Plaintiff contends that the three-year amended statute of limitations should apply retrospectively. Plaintiff advances the premise citing 51 Am. Jur.2d, Limitation of Actions § 41 that amendments extending statutes of limitations apply to pre-existing claims not already barred.

Plaintiff states that legislative intent is the primary factor to be considered over the applicability of statutes of limitation.

**2.** § 35–1–1530. Limitation of actions; effect of offer to refund consideration with interest.

No person may sue under §§ 35–1–1490 and 35–1–1500 more than two years after the contract of sale. No person may sue under either section (a) if the buyer received a written offer, before suit and at a time when he owned the security, to refund the consideration paid together with interest at six per cent per year from the date of payment, less the amount of any income received on the security, and he failed to accept the offer within thirty days of its receipt or (b) if the buyer received such an offer before suit and at a time when he did not own the security, unless he rejected the offer in writing within thirty days of its receipt.

Plaintiff submits that the sentence "No person may sue under Sections 35–1–1490 and 35–1–1500 more than three years after the contract of sale" stands for the legislative intention that one may bring an action for a sales violation of the blue sky laws under Sections 35–1–1490, S. C. Code of Laws 1976 (formerly 62–309 and Section 35–1–1500 South Carolina Code of Laws 1976 (formerly 62–310, South Carolina Code of Laws 1962)) three years prior to the effective date of the amendment.

Plaintiff further contends that his knowledge of the passage of the amendment caused him to form an intelligent, good faith opinion that his time to bring an action had extended to three years and that it would be harsh to bar him from recovery.

Fourthly, plaintiff argues that the amended statute is a remedial or procedural type of statute in that it relates to the remedy and manner of procedure and is retrospective in nature.

The pivotal issue in this case is whether an amendment lengthening the statute of limitations for state securities fraud claims may properly be applied to causes of action which are viable at the time of the effective date of that amendment.

■ The general rule of law in South Carolina appears to be that a statute of limitations is to be applied prospectively. It is stated in *Lyles v. Roach*, 30 S.C. 291, 9 S.E. 334 (1889):

It may be stated generally, and with reference to all statutes of limitations, both as to actions arising on contracts and also upon torts, trespasses, etc., that the currency of the statute commences when the cause of action accrues, or, as Judge Evans said in *Bugg v. Summer*: Whenever there is a plaintiff who can sue and a defendant who can be sued, the statute begins to run. A right of action has accrued . . . and the limitation in force at the accrual of the right is the limitation which must govern. This theory is sustained in our recent case of *Nichols v. Briggs*, 18 S.C. [473] 478, where the limitation of force at the time the note fell due was applied, and not the one

when the action was brought. And this was not because the subject matter rested on contract, but because the accrual of a right of action set the statute in motion and this was the case whether the cause of action was assumpsit, trespass, trover, debt or whatever else it might be. 30 S.C. at 295, 9 S.E. at 335.

■ The South Carolina Supreme Court recognizes that the intent of the legislature governs whether a statute of limitations will have a prospective or a retrospective application. The court stated in *Curtis v. Renneker*, 34 S.C. 468, 13 S.E. 664, 671:

Our first inquiry is whether the legislature intended this statute to have a retroactive operation, so far as mortgages are concerned. The rule that a statute will never be given such construction, unless it is required by the expressed wording of the statute or must necessarily be implied from such words, is too well settled to need citation of any authority to support it.

The defendant further argues in support of his motion for summary judgment that there is a distinction between a true statute of limitations and a statute that creates a substantive right which did not exist at common law and incorporates a condition as to the time of exercise of that right. Defendant, citing 15 Am.Jur.2d, Limitation of Actions, § 15, submits that where the time limitation runs to the right rather than to the remedy, it is the general rule that absent specific language to the contrary, an alteration in the time limit will be given prospective application only. Defendant submits that this court should follow *Snyder v. Yoder*, 176 F.Supp. 617 (N.D.Ohio 1959) in which a one-year statute of limitations was amended to two years, with an action brought in the interim period. The court stated:

While as a general rule it is true that a period of limitations may be extended by an amendment of the statute of limitations, prior to the expiration of the previously controlling period, the situation is different where the statute creating the

right also prescribes the limitation period. In that event, it is also held that compliance with the time limitation is a condition to tne bringing of the action, and not just a limitation thereon, and that the limitation called for in the original statute bars the action, notwithstanding any amendment of the statute thereafter. 176 F.Supp. at 623 (citations omitted).

Defendant points out that the distinction between a true statute of limitations and a time limit which runs to the right and the remedy has been recognized by the South Carolina Supreme Court in *Dennis v. Atlantic Coastline R.R.*, 70 S.C. 254, 49 S.E. 869 (1904), a case dealing with the Lord Campbell Act.

The court stated:

It is well settled in this state that the statute of limitations relates to the remedy, and is enforced according to the *lex fori*. *Sawyer v. McCaulay*, 18 S.C. 543. But the requirement that the action shall be commenced within one year after the party is killed is not a statute of limitations. At common law there was no right of action for death caused by wrongful act. The requirement as to the time of commencing the action is a part of the statute creating this right. It is incumbent on those seeking the benefit of the statute to show that their action conforms to all the requirements thereof, one of which is that the suit must be instituted within a certain time. 70 S.C. at 259, 49 S.E. at 870.

Defendant submits that this distinction has been recognized by the United States District Court for the District of South Carolina in the case of *Hemmingway v. Shull*, 286 F.Supp. 243 (D.S.C.1968), a wrongful death action. That case cited *Scarborough v. Atlantic C.L.Ry. Co.*, 178 F.2d 253, 255 (4 Cir. 1949):

A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and a commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.

Lastly, defendant argues that the case of *Callahan v. Chesapeake and O. Ry. Co.*, 40 F.Supp. 353 (E.D.Ky.1941), brought under the Federal Employer's Liability Act is appropriate. In *Callahan*, the plaintiff brought an action for injury when the time limitation in the statute creating the right was two years after the expiration of the two-year period. The statutory limitation was amended within the two-year period to three years and plaintiff's action was brought within three years of the injury. The court held that the limitation that was in effect at the time of the injury was controlling and that the action was barred by the two-year limitation.

However, the cases cited by defendant do not take cognizance of a recent trend in this area. 51 Am.Jur.2d § 41 provides:

Assuming the power to enlarge the period of limitations applicable to an existing cause of action, that is, a cause of action mature but not barred at the time the statute providing for the extended period became effective, there may remain a question whether the legislature intended the new period to apply to causes of action in existence but not barred at such time. In this respect, the view has been taken that amendments extending statutes of limitation apply to pre-existing claims not already barred, unless the amendatory act expressly provides otherwise, and with regard to a wide variety of causes of action it has been held that the particular statutes considered, enlarging limitation periods, were intended by the legislature to apply to existing causes of action not yet barred.

The South Carolina Supreme Court has indicated that it does not favor statutes of limitations. The case of *Scovill v. Johnson*,

728

190 S.C. 457, 3 S.E.2d 543 (1939) reversed the lower court's finding that the defendants were protected by a statute of limitations and stated:

> Strictly speaking, a statute of limitations when applicable is not a defense to an action, but when pleaded, which it must be in order for a defendant to benefit therefrom, is a bar to the action. A limitation statute is a statute of grace, permitting the avoidance and evasion of the liability; and while given recognition when pleaded, it has never been favored by the courts.
>
> If there is any doubt as to which of two statutes applies, that doubt must be resolved in favor of the longest period, according to the great weight of authority. 3 S.E.2d, at 545.

This court has dealt with the problem of whether to apply a statute prospectively or retrospectively. The case of *Cooley v. Salopian Industries, Ltd.*, 383 F.Supp. 1114 (D.S.C.1974) *aff'd* that applied the doctrine of strict liability in tort retrospectively stated:

> Since the doctrine is remedial in nature, this statute is retrospective and may be asserted by any plaintiff when his or her complaint is filed with a court after the enactment of the statute, regardless of the fact that the cause of action arose before the enactment of the doctrine into the law of South Carolina. 383 F.Supp. at 1118.

In *Howard v. Allen*, 368 F.Supp. 310 (D.S.C. 1973) *aff'd* per curiam 487 F.2d 1397 (4th Cir. 1973) cert. denied 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974), this court ruled that the South Carolina "long arm" statute could be applied retrospectively.

As the court has been unable to find any South Carolina case construing § 35–1–1530 as to whether it may be applied retrospectively, and legislative intention is unclear, the court must apply South Carolina law as it thinks the South Carolina Supreme Court would declare it if that court were presented with identical facts and issues.

The recent decision of *Dirksen v. Hynes and Howes Insurance Counselors, Inc.*, 423 F.Supp. 1290 (S.D. Iowa 1976) sheds light on this issue. In that case plaintiff brought suit for securities fraud for a sale of securities taking place in October of 1972 that were not properly registered. Plaintiff brought his original case in 1973 and added new parties by an amended complaint filed on December 31, 1975. The statute of limitations was amended in May of 1974 from two to five years. The additional parties filed a motion to dismiss as the action was barred by the statute of limitations. The court stated:

> In borrowing a state limitations period for pending federal fraud claims, this Court will adhere to the rule that an amendment lengthening a statute of limitations may properly be applied to causes of action which are viable at the time of the effective date of the amendment. 423 F.Supp. at 1293.

■ The court feels that the facts in *Dirksen* are essentially identical to the case at hand. Here the sales took place in April, May and August of 1974 and the complaint was filed on March 28, 1977. The crucial factor in this case is that the amendment extending the statute of limitations to three years was approved January 23, 1976. The cause of action was not barred by the prior period of limitations when the amended period was approved. Therefore, the amended statute of limitations applies as the cause of action was viable at the time of the amendment.

■ The court feels that *Dirksen* is the better rule of law and holds it should be applied. However, this decision does not stand for the proposition that a cause of action that has been barred by a statute of limitation can be revived by a statute passed after the original limitation period has expired. It merely stands for the proposition that amendments extending statutes of limitations apply to pre-existing claims not already barred at the time the amended statute of limitations was passed.

For the reasons stated above, the defendant's motion for summary judgment is denied.

AND IT IS SO ORDERED.